## TALLMAN v. McGAHHEY.

### Opinion delivered May 12, 1924.

1. EQUITY—JURISDICTION.—Though an action in ejectment in which a legal title only was asserted was improperly transferred to equity, yet where one claiming to be tenant in common with defendant was made a party and asked cancellation of a deed from him to plaintiff alleged to have been obtained from him by fraud, equity properly retained jurisdiction.

2. EJECTMENT—PARTIES—INDEPENDENT CLAIMANT.—One claiming independently of both parties is not entitled to be made a party in an action of ejectment, under Crawford & Moses' Dig., § 1102, providing that, in an action for the recovery of real or personal property, any person claiming an interest therein may be made a party.

3. APPEAL AND ERROR—NEW PARTY—HARMLESS ERROR.—Where the court permitted a new party to be admitted after the case was ready for submission, and plaintiff moved to strike out the new party's plea solely on the ground that he was not a proper party, but requested no postponement and offered no additional testimony to rebut such plea, there was no prejudice in proceeding to trial.

4. DEEDS—FALSE REPRESENTATIONS—RELIEF.—Where plaintiff made false representations to defendant which induced the latter to execute a deed without consideration, equity will cancel same.

5. ADVERSE POSSESSION—EVIDENCE.—Evidence *held* not to establish by a preponderance plaintiff's continuous, notorious and unbroken occupancy of town lots for a period of seven years.

Appeal from Arkansas Chancery Court, Northern District; *John M. Elliott,* Chancellor; affirmed.

*Geo. C. Lewis,* Stuttgart, for appellant.

The title asserted by appellant is one by adverse possession, and not under the Allen deed. No deed or muniment of title is necessary where the possession is indicated by actual occupation and any other evidence of an adverse claim exists. 24 Wend. 604. The case should have been tried in the law court. Allen should not have been allowed to become a party after the case was made. 28 Ark. 151; 15 Cyc. 85.

*E. G. Shofner* and *J. E. Ray,* for appellee.

Appellant must prevail, if at all, upon his own title. Until he has made a *prima facie* case by showing title

sufficient upon which to base a right of recovery, the defendant is not required to offer evidence of his title. 9 R. C. L., p. 76, § 76. The case was properly transferred to the chancery court. 59 Ark. 6; 80 Ark. 31; 26 Ark. 99. In order for the possession of a tenant in common to be adverse to that of his co-tenants, knowledge of his adverse claim must be brought home to them directly or by such notorious acts that notice may be presumed. 102 Ark. 615. See also 117 Ark. 418; 154 Ark. 124.

McCULLOCH, C. J. Appellant instituted this action at law against A. C. McGahhey, one of the appellees, to recover possession of four town lots in Stuttgart. He did not attempt to show title back to its origin or to a common source, but alleged in his complaint that he received a deed on January 31, 1912, from J. W. Allen, purporting to convey the lots to him, that he entered into actual possession thereof and occupied the same, claiming title thereto from then until said appellee, in the year 1920, wrongfully took possession, and he therefore pleads title by adverse possession for the statutory period of seven years. Appellee McGahhey answered, setting up title through John F. Park back to the State, and alleging that the deed from Allen to appellant had been procured by fraudulent misrepresentation. Said appellee moved to transfer the cause to the chancery court, which was ordered, over appellant's objection. After the testimony in the case had been taken by depositions, Mrs. Emma A. Turner, one of the appellees, filed a petition to be made party-defendant as a substitute for appellee McGahhey, and alleged, as grounds for being made party, that she had succeeded to the rights of McGahhey under a foreclosure sale under mortgage executed by the latter. Mrs. Turner was made defendant as prayed. Later, J. W. Allen was, at his own request, made a party, and claimed an undivided half interest in the property by joint purchase with John F. Park from Mrs. Mary J. Wright, the State's grantee. He alleged that he had never parted with his title until he conveyed to appellant, and that appellant's conveyance was procured through

false and fraudulent misrepresentation. He alleged that appellant had falsely represented to him that he was the holder of the title from Sallie L. Price, to whom Park had executed a deed purporting to convey the whole title, but in fact had conveyed only an undivided half. Appellant moved to strike out Allen's plea, which motion the court overruled, and the cause proceeded to final decree, with Allen as well as Mrs. Turner parties. The court rendered a final decree, dismissing appellant's complaint for want of equity and quieting the title, one-half in Mrs. Turner and the other in Allen.

It is first contended that the court erred in transferring the cause to equity, the argument of learned counsel being that, the action being merely for the recovery of property to which only legal title (investiture by limitations) is asserted, the cause was exclusively cognizable at law, and that there were no grounds for equitable relief. This contention was true at the time the order of transfer was made, for there was nothing involved in the case except appellant's assertion of title by adverse possession. The fact that appellant may have obtained title from Allen by fraud, as alleged, did not change the nature of the relief sought nor the defense asserted so as to call for the application to a court of equity for relief. The advent into the action of appellee Allen changed, however, the status of the litigation, and the rights asserted by him called for equitable relief in the cancellation of the deed alleged to have been obtained from him by fraud. Under the allegations of his complaint he was entitled to equitable relief, and was therefore an interested party and entitled, under the statute, to be made a party to the action. Crawford & Moses' Digest, § 1102. He was not claiming independently of the parties, but was asserting a right of action directly against the appellant, and was claiming also as tenant in common with his co-defendant, Mrs. Turner. One claiming independently of both parties is not entitled to be made a party under the statute (*Files* v. *Watt*, 28 Ark. 151), but, as before stated, appellant was not claiming independently of the

other parties, but in privity as tenant in common with his codefendant. Appellee Allen, having been properly made a party, and having asserted the right of equitable relief, the chancery court properly exercised jurisdiction in the trial of the whole cause. Conceding that the transfer was erroneous at the time it was ordered, it was proper to retain the jurisdiction after Allen was made a party with his plea for equitable relief.

It is further contended by counsel that the court erred to the prejudice of appellant in permitting Allen to be made a party after all the proof in the case had been taken and when the case was ready for submission. It is argued that this gave an advantage over appellant in that he had no opportunity to prepare a defense against Allen's claim. The answer to that contention is that appellant moved to strike out Allen's plea solely on the ground that he was not a proper party. There was no request for a postponement of the trial in order to give appellant an opportunity to prepare his defense. The proof had already been taken touching the question of fraud in the procurement of the deed from Allen, and appellant did not offer to introduce any further testimony on that issue nor ask for time to procure testimony. There was no prejudice shown therefore in proceeding to trial after making Allen a party.

The next question presented relates to the question of fraud in obtaining the deed from Allen. Prior to the year 1912, J. W. Allen and John F. Park had purchased the lots in question, together with the remainder of the block, from Mary J. Wright, the State's grantee, and Park had later conveyed these lots to Sallie L. Price, his deed purporting to convey the whole property, whereas he only owned an undivided half. This seems to have occurred by mistake on the part of Park, and Allen was willing to rectify it as soon as he discovered it, by conveying his undivided half to Park's successors in title. Appellant applied to Allen, by letter written January 8. 1912, for a conveyance of the property, and inclosed in his letter a check for the sum of one dollar to pay the

expense of the deed. He called attention in the letter to the fact that the property had been originally conveyed to Park and Allen, and that Park had conveyed the land away, but there was no record of a deed from Allen. It was not stated in the letter, in express terms, that appellant was claiming title under the Park conveyance, but such was the clear inference from the statements made in the letter. Allen answered the letter, referring to the deed of conveyance executed by Park to Sallie L. Price, and stated that he was willing to execute a quitclaim deed to appellant to any lots which he might hold under Sallie L. Price or her grantees. To this letter appellant made reply, stating that he had made a mistake as to the particular lots which he claimed and to which he wished to obtain a quitclaim deed, and requested Allen to change the description in the deed and execute it and send it to him at once, which Allen did. This letter did not, either, contain any express assertion that appellant was claiming under Sallie L. Price, but such is the only reasonable inference, in view of the inquiry in Allen's letter to appellant stating that he was willing to convey his interest to any one holding under Sallie L. Price. In other words, it is clear from this testimony that Allen's willingness to execute a conveyance without consideration was solely on the ground that his tenant in common, Park, had erroneously conveyed the property to Sallie L. Price, and that he (Allen) was desirous of making good the title which Park had attempted to convey. He was induced by an implied representation made to him by appellant that the latter was holding the Price title. This is a fraud against which a court of equity should give relief. Allen was willing to convey the land for a nominal consideration to a grantee of Mrs. Price, but he was unwilling to donate the land to a stranger. He could have ascertained the facts by examining the record, but he was not bound to do so; and, appellant having paid no consideration for the deed, he is in no position to complain because Allen accepted his representations as true and made a deed on the faith of those representations.

We next come to the question of appellant's claim of title by adverse possession. This is purely a question of fact. Appellant testified that he went into possession of the property immediately after receiving the deed from Allen in January, 1912, and remained in possession by his tenants until McGahhey took possession in the year 1920. There were no buildings or other improvements on the property, except a fence, until McGahhey took possession in 1920 and moved two buildings to the premises from another nearby lot. Appellant testified that he was continuously in possession during that time, and operated a woodyard on it part of the time, and leased it to tenants, who cultivated it. The testimony of appellant himself and the testimony of other witnesses introduced by him tended to establish his claim that he was continuously in possession of the property and that his occupancy was such as to constitute notice to the world of his adverse holding. It tended to show that he had erected a fence around the property and maintained it up to the time McGahhey took possession. Testimony was introduced, however, on the part of appellees, tending to show that appellant did not erect any fence around the property, but that, during the period appellant claimed to be in possession, there was some evidence of the presence of an old broken-down wire fence which had been built by a former occupant, and that the land had not been continuously occupied, either by cultivation or by the operation of a wood-yard thereon. If appellant has title at all, it rests upon a showing of continuous adverse occupancy from the year 1912 to the year 1920, a period of about eight years. We think that there is a preponderance of the evidence in favor of appellant's contention to the extent that, at the time McGahhey took possession in 1920 and moved the buildings to the property, there was a wire fence around the lots sufficient to show actual occupancy, but we are unable to say that the evidence preponderated to the extent that it showed that appellant's occupancy was actual, open and continuous for the full period of seven years. There is testimony of

several witnesses that tends to show that, for a considerable length of time, there was nothing to indicate actual occupancy of the property, and nothing to show that it ever had been occupied, except the scant remains of an old wire fence. This evidence tends to show that at times the continuity of the possession was broken, if it had ever existed prior to that time. It devolved upon appellant to prove, not only that his occupancy began more than seven years before it was broken by the entry of McGahhey, but that it continued without break for a period of seven years, for nothing short of that would constitute an investiture of title. If the occupancy was broken short of the complete period of seven years, there was no investiture of title, and we cannot say from the evidence that there is a preponderance of the testimony showing continuous, notorious and unbroken occupancy for the full period of limitation.

Decree affirmed.