## MOORE *v.* CHILDRESS.

Opinion delivered March 10, 1894.

*Adverse possession—Life-tenant and remainderman.*

The possession of a life-tenant, or of his grantee, is not adverse to the remainderman during the existence of the life estate.

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

*Austin & Taylor* for appellants.

1. During the life of the tenant by curtesy the appellants only had a remainder interest, and the statute of limitations does not run against the remainderman during the existence of the tenancy by curtesy. 15 Am. Dec. 433; 33 *id.* 157; 39 *id.* 165; 55 N. Y. 451; 4 Johns. 390; 6 Cush. 34; 2 Cush. 269; 31 Pa. St. 94; 35 Ark. 84.

2. There can be no possession adverse to the remainderman until the death of the tenant by curtesy. 16 So. Car. 226; 29 Mo. 176; 30 N. J. 21; Shars. & Budd. L. C. Real Prop. vol. 2, p. 396; 43 Ark. 427; Tiedeman, Real Property, sec. 715.

*W. P.* and *A. P. Grace* for appellee.

BUNN, C. J. This is an action of ejectment, instituted in the Jefferson circuit court by the appellee against appellants, on July 16, 1889, and trial by the court, sitting as a jury by consent, on the 19th day of June, 1891, and judgment for plaintiff for the lands in controversy, and for rents for the years 1887, 1888, 1889 and 1890 at the rate of $120 per year, and in the aggregate in the sum of $480. Exceptions reserved. Bill of exceptions tendered and certified, and appeal taken.

Terrence Farrelly, Sr., was the owner in fee, from the State and Federal governments, of the following lands, to-wit: The northwest quarter of the northwest

quarter of section thirty (30) in township six (6) south, range nine (9) west, in Jefferson county, Arkansas, and died intestate seized and possessed thereof in Arkansas county, Arkansas, in 1860, leaving him surviving the following children and heirs at law, to-wit: Eliza Langtree, C. C. Farrelly, J. P. Farrelly, Terrence Farrelly, Jr., Nancy Brunson, and *Adeline J. Moore.* Subsequently the said Terrence Farrelly, Jr., died, without issue and intestate. The said Adeline J. intermarried with J. H. Moore on the 12th February, 1850, and died in the year 1867, and the said J. H. Moore died in October, 1885. Both died intestate, leaving surviving each of them, the appellants, their children and grandchildren (as stated in the pleadings), and heirs at law of each of them, to-wit: Charles F. Moore, Eliza Langtree, Charles Farrelly, John Farrelly, Terrence Brunson, Sallie Austin, Mary Brooks and Fannie Pendleton, who claim in this action as heirs of their mother and grandmother, the said Adeline J. Moore; and through her as one of the six children and heirs at law of her father, the said Terrence Farrelly, Sr.

After the death of his wife, the said J. H. Moore, being in possession of the land in controversy, sold and conveyed the same, by deed purporting to be a deed in fee, to the appellee, W. J. Childress, dated May 5, 1873, in pursuance of sale made and possession given in 1871, the consideration being as if for the land in fee simple; and under this title and adverse possession for the statutory period and longer said Childress holds and claims in this action, his possession continuing until the fall of 1887, when he was ousted of the same by appellants.

The appellants, as heirs at law, of Adeline J. Moore, claim to be the owners of the one-fifth undivided interest in the land in controversy—the extent of her interest at the time of her death—that is to say, one-sixth as one of the six children and heirs of Terrence Far-

relly, Sr., and one-fifth of the one-sixth interest of Terrence Farrelly, Jr., who died intestate and without issue as aforesaid, which two interests make one-fifth interest in the property. The appellants claim right of possession of their said interest after the death of their father, J. H. Moore, in October, 1885, claiming that he could convey to appellee no greater estate or interest than that he had, which was a life estate, and denying appellee's right by adverse possession.

It is too well settled to require argument that the possession of a life time tenant—an intermediate holding—is not adverse to the rights of a remainderman, until after termination of the life estate; and of course those holding under him alone are affected by the same rule. *Banks* v. *Green*, 35 Ark. 84; *Jackson* v. *Johnson*, 15 Am. Dec. 433; *McCorry* v. *King's Heirs*, 39 *ib.* 165; *Morris* v. *Edmonds*, 43 Ark. 427.

It follows, therefore, that, as to the one-fifth interest in the lands in controversy claimed by appellants as heirs at law of Adeline J. Moore, the statute bar had not attached when appellee was ousted of his possession by them in 1887, and that the judgment of the circuit court in so far was erroneous.

The four remaining children and heirs of Terrence Farrelly, to-wit: Eliza Langtree; C. C. Farrelly; Nancy Brunson and J. P. Farrelly, are not made parties in this suit, and of course their interests are not affected by any thing here determined. Save and except as affected by the claim of appellee, their interests would amount to the remaining four-fifths in the land in controversy. The claim of the appellee to this four-fifths interest is not controverted here. As to that, therefore, we express no opinion, except that appellee makes a sufficient showing for the purpose of this suit. Therefore, as to this four-fifths interest, the judgment of the court was correct, and to that extent the writ should go.

The appellee is entitled to four-fifths of the rents and profits from the death of J. H. Moore in October, 1885, and the appellants are entitled to one-fifth of the same from that time; that is to say, appellee should pay to appellants one-fourth of the rents and profits from the time of the death of J. H. Moore until they ousted him of his possession, and appellants should pay to him four-fifths of the same from the time they ousted appellee in 1887, and their respective rights as tenants in common should be restored to their condition at the death of J. H. Moore.

Reversed and remanded with directions to the Jefferson circuit court for such further proceedings as may be necessary, not inconsistent with the foregoing opinion. The appellee will pay all costs.