GRAY, TRUSTEE, *v.* McGUIRE.

Opinion delivered October 6, 1919.

1. WILLS—CREATION OF ESTATE TAIL.—A will provided: "I devise and bequeath to my sister * * * all the remainder of the property of which I die seized and possessed, * * * the real estate to be held and enjoyed by her during the term of her natural life and at her death to go to and vest in the heirs of her body, share and share alike, in fee simple forever." *Held,* the effect of the language used was to vest in the devisee named a life estate, with remainder in fee simple to the children of said devisee.

2. RULE IN SHELLEY'S CASE—APPLICATION.—The rule in Shelley's case is only applicable when the language of the will or conveyance creates a limitation to the heirs of the devisee or grantee in general; if the limitation is to the bodily heirs or the heirs of the body of the grantee, then the rule in Shelley's case has no application.

Appeal from Jackson Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*S. M. Bone,* for appellants.

Mrs. Mattie E. McGuire, under the rule in Shelley's case, acquired the fee simple title under the fourth clause of the will of Mrs. Laura Ewing. The language is plain and unambiguous, and evidence of the testator's intention not admissible nor competent to sustain a different meaning. 40 Cyc. 1433; Jones on Ev., p. 599, § 475; 40 Cyc. 1436. Mrs. McGuire took the fee simple estate. 58 Ark. 303; 129 *Id.* 155.

*Samuel M. Casey,* for appellee.

1. Only a life estate passed to Mrs. McGuire under the will  Under the terms of Mrs. Ewing's will, the rule in Shelley's case does not take effect nor apply. 105 Md. 332; 66 Atl. 264; 104 Ark. 445; 40 Cyc. 1438.

2. The case should be affirmed under the rulings in 44 Ark. 458; 67 *Id.* 517; 94 *Id.* 615; 98 *Id.* 570; 128 *Id.* 149; 115 *Id.* 400; 116 *Id.* 233; 29 L. R. A. (N. S.) 947 and note.

HUMPHREYS, J.  This suit was brought by appellee in the Jackson Chancery Court against appellants, to construe the will of Mrs. Laura C. Ewing, in which request the trustee in succession, in the last will of Mrs. Mattie E. McGuire, joined in his answer after service of summons had upon him.  Proper service was obtained upon the minors, after which Claude Erwin was appointed guardian *ad litem* for them.  As such guardian *ad litem,* he filed answer specifically denying each and every material allegation in the bill.  The cause was heard upon the pleadings, the duly probated will of Mrs. Laura C. Ewing, the duly probated will of Mrs. Mattie E. McGuire, a deed from Mrs. Elizabeth Ewing Gray to all of her interest in the real estate in controversy to appellee, and the depositions of witnesses, from which the court found that, under the fourth clause of the last will and testament of Mrs. Laura C. Ewing, her sister, Mrs. Mattie E. McGuire, had only a life estate in the real estate devised to her, with remainder in fee simple to the heirs of her body, appellee and his sister, Mrs. Elizabeth Ewing Gray; that Mrs. Elizabeth Ewing Gray conveyed all her interest in the property to appellee and that the entire title rested in him and did not pass to the trustee in succession for the use and benefit of the minor defendants under the will of their grandmother, Mrs. Mattie E. McGuire.  A decree was rendered in accordance with the findings of the chancellor, from which an appeal has been prosecuted to this court.

The minor defendants are the children of Mrs. Elizabeth Ewing Gray.  Mrs. Elizabeth Ewing Gray and ap-

pellee, E. R. McGuire, are brother and sister, and the sole bodily heirs of Mrs. Mattie E. McGuire, who was an only sister and nearest relative of Mrs. Laura C. Ewing. In the will of Mrs. Mattie E. McGuire there was a clause devising all her real estate, not otherwise specifically devised, to Lyman F. Reeder, in trust for the minor defendants. Lyman F. Reeder resigned, and W. D. Gray was appointed trustee in succession under said will.

The contention of appellants is that Mrs. Mattie E. McGuire, under the rule in Shelley's case, acquired a fee simple title to the real estate in question, under the fourth clause of the will of Mrs. Laura C. Ewing. If that is true, the title passed to the trustee under the will of Mrs. Mattie E. McGuire. If Mrs. McGuire had only a life estate to said property, under the fourth clause of Mrs. Ewing's will, then the fee simple title passed to the appellee and his sister, and, having obtained a conveyance thereto from his sister, the entire title rests in him. The fourth clause of Mrs. Ewing's will is as follows:

"I devise and bequeath to my sister, Mattie E. McGuire, all the remainder of the property of which I die seized and possessed, the personal property to be held by her absolutely and the real estate to be held and enjoyed by her during the term of her natural life and at her death to go to and vest in the heirs of her body, share and share alike, in fee simple forever." The language clearly creates an estate in tail in appellee, the effect of which, under Kirby's Digest, section 735, was to vest in Mrs. McGuire a life estate, with remainder in fee simple to appellee and his sister, Mrs. Elizabeth Ewing Gray. It was held, in the case of *Watson* v. *Wolff-Goldman Realty Co.*, 95 Ark. 18, that "a conveyance to A and 'her bodily' heirs meant the same as to her and the heirs of her body;" and that "a conveyance unto A and unto her bodily heirs created a contingent remainder in the bodily heirs." The instant case does not fall, as contended by appellants, within the rule announced in *Hardage* v. *Stroope*, 58 Ark. 303, and *Henson* v. *Breeze*, 129 Ark. 155, in which cases the limitation was to the heirs generally,

but falls within the rule announced in *Horsley* v. *Hilburn,* 44 Ark. 458, and followed in *Wilmans* v. *Robinson,* 67 Ark. 517; *McDill* v. *Meyer,* 94 Ark. 615; *Watson* v. *Wolff-Goldman Realty Co.,* 95 Ark. 18; *Dempsey* v. *Davis,* 98 Ark. 570; *Gist* v. *Pettus,* 115 Ark. 400; *Rogers* v. *Ogburn,* 116 Ark. 233; and *Georgia State Savings Assn.* v. *Dearing,* 128 Ark. 149, in which class of cases the limitation was to the bodily heirs of the grantee. The rule in Shelley's case is only applicable when the language of the will or conveyance creates a limitation to the heirs of the devisee or grantee in general. If the limitation is to the bodily heirs or the heirs of the body of the grantee, then the rule in Shelley's case has no application.

The construction placed upon the fourth clause of Mrs. Ewing's will by the chancellor being correct, the decree is affirmed.