### DeLoney v. Froug.

Opinion delivered February 28, 1921.

1. WILLS—DEVISE TO ONE AND HEIRS OF HER BODY.—Under a will of land to A and the heirs of her body, A took a life estate with remainder in fee to her bodily heirs.

2. WILLS—MODE OF DIVISION.—Where a testator devised a portion of her property to her husband and the residue to her sister for life with remainder in fee to her sister's bodily heirs, a subsequent paragraph providing for a mode of division of the property between the husband and sister did not affect the previous gift of the property so as to give the sister a fee-simple estate.

Appeal from Cleveland Chancery Court; *John M. Elliott,* Chancellor; reversed.

*Woodson Moseley,* for appellants.

Lucy B. DeLoney at the time of her conveyance to J. H. Breathwaite had only a life estate under the will with a remainder over to Lucy B. DeLoney's children. Kirby's Digest, § 735; 95 Ark. 18; 140 *Id.* 109. Appellants are the owner of the estate in remainder subject to the life estate of Lucy B. DeLoney, and the chancellor erred in his construction of the will.

*A. R. Cooper,* for appellees.

1. The manifest intention of the testatrix was to devise to her husband a legacy of $1,000 and the remainder of her estate to her sister, Lucy B. DeLoney, in fee simple. Wills are literally construed so as to carry out the intention of the testator. 31 Ark. 588; 218 S. W. 194; 213 *Id.* 372. The intention must be gathered from the entire will and all parts thereof, and such construction given it as will give force and meaning to every clause of the will. 98 Ark. 553; 136 S. W. 981; 167 *Id.* 99; 189 *Id.* 668; 40 Cyc. 1413. Where there is an irreconcilable conflict in two clauses of a will, the latter clause will prevail. 40 Cyc. 1413-17; 28 Ark. 102; 113 *Id.* 500; 115 *Id.* 405.

The language of paragraph 6 of the will is clearly sufficient to indicate the intention of the intestate between her husband and her sister, and in giving her sister a fee simple estate.

2. The language of the will, "to her heirs of her body born and unborn," means nothing more than her children, when read in connection with the limitations contained in the concluding part of the same paragraph and the concluding paragraph. The words "heirs of her body" were not used in their technical signification for the purpose of creating a mere life estate. 23 Ark. 378; 75 *Id.* 19; 86 S. W. 830. Where the intention is apparent to devise a fee simple estate, it will not be presumed that the testator intended to use these words in their technical sense for the purpose of creating a mere life estate. The words "heirs of the body" ordinarily mean such of the issue or offspring as may inherit, and where such is the

testator's manifest intention may be construed to mean children. 40 Cyc. 1466; 23 Ark. 378; 75 *Id.* 19; 86 S. W. 830.

When the intention of the testator is apparent to devise a fee simple estate, but is obscured or endangered by inapt words, the language will be subordinated to the intention and intention carried out. 40 Cyc. 1400-1606-7. The law favors the vesting of estates, and, in the absence of a contrary intention of the testator, the estate will vest at the time of the death of the testator. 104 Ark. 448; 189 S. W. 667; 213 *Id.* 372; 218 *Id.* 194. The lower court held that the words in their ordinary sense vested the fee simple estate in the sister, and the finding is correct.

Humphreys, J. This appeal is to challenge the construction placed upon the will of Rosa Breathwaite, deceased, by the chancery court of Cleveland County. The court's construction of the will was that it devised the tract of land involved in the suit, consisting of 260 acres, to Lucy B. DeLoney, the sister of the testatrix, in fee simple. Appellee purchased the land from John H. Breathwaite, who obtained it, by warranty deed, from Lucy B. DeLoney. They then brought suit to quiet the title to said real estate against appellants, children of Lucy B. DeLoney.

Appellants interposed the defense that the will created a life estate in said real estate in their mother, Lucy B. DeLoney, with the remainder over to them in fee simple. The testatrix, after providing for the payment of her burial expenses, debts and a $5 legacy to a half-sister, bequeathed $1,000 to her husband, John H. Breathwaite, if her estate exceeded $3,000 in value, or one-third of the estate to him, if its value did not exceed $3,000. Following these provisions are the fifth and a part of the sixth paragraphs of the will, relating to the lands in question. The fifth paragraph is as follows:

"5th. I give and bequeath to my beloved sister, Lucy (Brewer) DeLoney, and to her heirs of her body,

born and unborn, all the residue of whatever estate I may die seized and possessed of every description and kind, the same to be used for their common benefit and happiness and to be controlled absolutely by my said sister and for the use of which she shall not be held to account to any one.''

That part of the sixth paragraph, relating to said land, is as follows:

''At the time of the execution of this my last will and testament I own some land near my old home place, and in the event that my estate is at my demise worth only three thousand dollars or less than that amount, and it should be necessary for my husband and sister, Lucy (Brewer) DeLoney, to make a division of the land in order that my bequests herein be carried out, then I desire them to divide it to suit themselves; and if they fail to agree, then it is my will that the matter of division be submitted to three good and lawful men for arbitration, and I further will that, if any disagreement be had, that it be settled in this manner rather than by recourse to the civil courts. I would prefer that my sister, Lucy DeLoney, keep the land and my husband, John H. Breathwaite, receive his legacy, whether it be one-third interest or one thousand dollars in cash or personal property.''

The language of the fifth paragraph of the will is clear and unambiguous. The limitation in said paragraph is to the heirs of the body, born and unborn, of the devisee, Lucy B. DeLoney, and, at the death of the testatrix, vested in Lucy B. DeLoney a life estate with the remainder in fee simple to appellants, who are her bodily heirs. The language used in said paragraph is not susceptible of any other construction, under the rule announced in the cases of *Watson* v. *Wolff-Goldman Realty Co.*, 95 Ark. 18, and *Gray* v. *McGuire,* 140 Ark. 109. Appellees contend, however, that, if the provisions of paragraph 5 provided for a life estate only to Lucy B. DeLoney, then there is an irreconcilable conflict between the paragraph and paragraph 6, quoted above, for

the suggested reason that paragraph 6 evinces an intention on the part of the testatrix to divide her lands in fee simple between her husband, John H. Breathwaite, and her sister, Lucy B. DeLoney; and that, on account of the conflict, the intention of the testatrix in paragraph 6 should prevail, as being the latest expression of the testatrix. We do not concur with learned counsel for appellees in his construction of paragraph 6 of said will. Paragraph 6 does not attempt to devise or bequeath the testatrix's estate. It relates entirely to the method by which certain real estate may be divided in order that her bequests may be carried out. The method provided was by agreement, if possible; if not, by arbitration, rather than by recourse to the civil courts. Since paragraphs 4 and 5 related to the character and nature of the bequests and paragraph 6 to the manner of division in the execution of the bequests, there could be no conflict between the first two and the last paragraphs. They relate to different matters.

On account of the error indicated, the decree is reversed and the cause remanded with directions to enter a decree in accordance with this opinion.