CAMERON *v.* WESTBROOK.

Opinion delivered December 10, 1928.

*Jones & Hooker* and *R. S. Cameron,* for appellant.

*Bruce H. Shaw* and *J. M. Shaw,* for appellee.

KIRBY, J., (after stating the facts). The chancellor held that appellee and her grantors had held possession of the strip of land in controversy for more than seven years, "with a mistaken idea that it constituted lot 6 in said addition," and acquired title by adverse possession.

Appellee's grantor, her husband, lived on premises belonging to his father, the common source of title, at the time of his father's death, and was a tenant in common of the undisposed-of lands of the estate. He recognized in his petition for partition of the lands that the homestead devised to the widow, etc., was situated on lot 7 of the addition, and only prayed the sale of lot 6 adjoining the homestead in the partition, and purchased same as lot 6 at the commissioner's sale. He later mortgaged it as such lot 6, and particularly described it as 104 8/10 feet wide, which did not include any of the strip of land in controversy, which was in fact a part of lot 7 as platted, and so recognized by him in his suit for partition. There was no act or thing done by him in the way of a change of possession after his purchase of the lot at the partition sale, nor was there any act shown to have been done that should charge the other owners of lot 7 with notice of any adverse claim of possession by him or his grantees. The chancellor in fact found that appellee held possession of the strip of land in controversy under the "mistaken idea" that it constituted a part of lot 6.

There is no testimony in this record showing when any knowledge of appellee's adverse claim or of her intention or that any of her grantors to so hold was brought home to the other tenants, and, under such circumstances, the holding could not be adverse to them. *Singer* v. *Naron,* 99 Ark. 446, 138 S. W. 958. It was there said:

"In order for the possession of the tenant in common to be adverse to that of his cotenants, knowledge

of his adverse claim must be brought home to them directly, or by such notorious acts of an unequivocal character that notice may be presumed; the reason being that the possession of one tenant in common is the possession of all the tenants in common."

Appellee argues that at no time did she or Howell L. Westbrook, her grantor, acknowledge the right or title of appellants or those under whom they hold, and says that, in the suit for partition of all real estate of W. H. Westbrook, deceased, in which Howell L. Westbrook was plaintiff and Cora N. Troxel and Franklin Westbrook were defendants, they were then put on notice that it was to be a final disposition of all the estate; that they then had opportunity to set up any claim they might have had to the strip of land in controversy, the east 6 feet and 2 inches of lot 7, and, having failed to do so, acquiesced in the disposition made of it. It must be remembered, however, that it was alleged in that suit that the homestead, consisting of lot 7, was given by the will to the widow for life, and to Howell L. Westbrook, plaintiff, and Franklin Westbrook, one of the defendants, in remainder, and not subject to partition or sale, and it was so adjudged that the said parties were tenants in common in the remainder.

The undisputed testimony shows no act of possession or claim of ownership of part of said lot 6 by occupancy of lot 6 after the purchase by Howell at the partition sale different from his holding as tenant of his father, nor any act on his part calculated to bring home to his cotenants knowledge of his adverse claim to any part of said lot 7, and the chancellor erred in holding otherwise.

The chancellor likewise erred in holding appellee acquired title by adverse possession against the remainderman, and canceling his conveyance of the property in any event, before the death of the life tenant, his mother, Cora N. Troxel, with whom he joined in the deed conveying his remainder. He had no right of action to protect his interest in the part of the lot in controversy,

and title then could not therefore, as against him, be acquired by adverse possession of the other remainderman or his grantees. *Gallagher* v. *Johnson,* 65 Ark. 90, 44 S. W. 1041. See also *Collins* v. *Paepcke-Leicht Lumber Co.,* 74 Ark. 81, 84 S. W. 1044.

The decree will be reversed accordingly, and the cause remanded, with directions to dismiss the complaint for want of equity. It is so ordered.