TENNISON *v.* CARROLL.

4-9625                                    243 S. W. 2d 944

Opinion delivered December 10, 1951.

*Byron Bogard, Edward Luter* and *Bobbie Jean Gladden,* for appellant.

MINOR W. MILLWEE, Justice. This suit involves the partition of an eighty-acre tract of land in Pulaski County. The cause was submitted to the trial court upon the pleadings and a stipulation by the parties which reflect the following facts.

In 1907, Eugene Byers acquired title to the eighty acres in question and a few days later deeded to his wife, Rebecca Byers, an undivided one-half interest in the land. Eugene Byers died intestate in September, 1914, survived by his widow, Rebecca, and the appellants, two nieces and a nephew, who are his sole heirs at law.

On November 26, 1914, Byer's widow, Rebecca, married F. A. VanDenBerg to whom she deeded an undivided one-half interest in the eighty-acre tract on January 26, 1916. On February 24, 1926, the VanDenBergs executed a deed of trust covering the eighty-acre tract to the Peoples Savings Bank as security for a loan of $400, and this instrument was satisfied of record November 5, 1930.

Rebecca Byers VanDenBerg was judicially declared insane on January 11, 1938. F. A. VanDenBerg died testate and without issue on May 17, 1943. Under the terms of his will, VanDenBerg devised all his property to his sister, Ann V. Glavin. In proceedings to probate the will, Rebecca Byers VanDenBerg, through her guardian, renounced the will insofar as it affected her rights as widow and elected to take under the law.

The Pulaski Probate Court entered an order June 21, 1944, giving effect to the will of F. A. VanDenBerg except as it affected the widow. In the order admitting the will to probate the court found that at the time of his death, F. A. VanDenBerg owned an undivided one-half interest in the eighty acres which should go to the widow, Rebecca, or her guardian for her use and benefit, "for her natural life as and for her dower and homestead rights." The court also found that said widow also owned another undivided one-fourth interest in the land in addition to the interest belonging to the estate of F. A. VanDenBerg, deceased. The order further recites: "And the Court finds that the parties hereto have reached an equitable agreement as to the proper division of the real estate upon the death of the said Mrs. Rebecca VanDenBerg, which provides that at her death one-half of the undivided one-half interest of the said F. A. VanDenBerg, deceased, at his death, should go to the said Mrs. Ann V. Glavin or her heirs or assigns under the will, and that the other one-half interest of the said F. A. VanDenBergs' undivided one-half interest in said eighty acres should go to the heirs or assigns of the said Mrs. Rebecca VanDenBerg, provided it shall not have previously been disposed of under the orders of the Court. This would give Mrs. Ann V. Glavin an undivided one-fourth interest in said eighty acres and it would give the heirs or assigns of the said Mrs. Rebecca VanDenBerg two-fourths including the one-fourth she already owned. And if it should develop that the other undivided one-fourth interest in said eighty acres is not successfully claimed by some one else and that if it falls to these parties by reason of adverse possession, then it is agreed that an undivided two-thirds interest in said eighty acres is to go

to the heirs or assigns of said Mrs. Rebecca VanDenBerg, and the other undivided one-third interest in said eighty acres is to go to the said Mrs. Ann V. Glavin, or her heirs or assigns.'' The court then ordered distribution of the several interests in accordance with said findings. Appellants were not parties to the probate proceedings or the agreement mentioned in the court's order.

Rebecca Byers VanDenBerg died intestate in May, 1950. After the death of Eugene Byers in 1914, general taxes on the land were paid by Rebecca Byers VanDen-Berg and F. A. VanDenBerg who also held possession of the land until their deaths in May, 1943, and May, 1950, respectively.

Appellants, as the heirs of Eugene Byers, deceased, and Ann V. Glavin, sister and sole heir of F. A. VanDen-Berg, deceased, were plaintiffs in the instant partition suit against appellees, who are the sole heirs of Rebecca Byers VanDenBerg, deceased. The trial court found that appellants, as the heirs of Eugene Byers, deceased, had no interest in the land and dismissed the complaint as to them. The court further found that Ann V. Glavin was the owner of a one-fourth interest in said lands as a tenant in common with the appellees who were declared to be the owners of the remaining three-fourths interest. In accordance with an agreement of the parties, the court held that said land was not susceptible of division in kind. A sale was ordered with directions to divide the proceeds according to the respective interests of the parties fixed in the decree.

In dismissing the complaint as to the appellants, the chancellor made no specific findings and the appellees have not favored us with a brief. Under the facts as stipulated, we think appellants correctly contend that they are entitled to an undivided one-fourth interest in the land in question. Upon the death of Eugene Byers intestate and without issue in 1914, his widow was entitled to dower of one-half in fee of the undivided one-half interest in the lands retained by her husband under Kirby's Digest, § 2709. Appellants, as heirs of Eugene

Byers, deceased, had a vested remainder of one-fourth in fee (one-half of the undivided one-half interest) in the land subject to the homestead rights of the widow, Rebecca Byers. The widow had a right to remain in possession of the homestead and this right did not cease upon her marriage to F. A. VanDenBerg. *Davis* v. *Neal*, 100 Ark. 399, 140 S. W. 278, L. R. A. 1916A 999. The widow, Rebecca Byers VanDenBerg, occupied the lands without the assignment of dower until made by order of the probate court in 1944. In that order the court clearly recognized the outstanding one-fourth interest now claimed by appellants who were not parties to that proceeding. Although she became insane in 1938, the widow's right of occupancy continued to be claimed by her guardian for her benefit until her death in May, 1950. Appellants, as heirs of the deceased owner of the homestead, had no right of action for possession of the land in controversy until the termination of the widow's homestead estate. It follows that appellants are owners of a one-fourth interest in the land unless such interest was acquired by adverse possession of the widow, Rebecca Byers VanDenBerg.

The general rule is that the statute of limitations does not commence to run against a remainderman or reversioner until the death of the life tenant. In *Watson* v. *Hardin*, 97 Ark. 33, 132 S. W. 1002, the court said: "Now, the possession of the widow is not hostile to the title of the heir. The widow is entitled to the possession of the land as her homestead during her life; she holds the life estate and the heir the reversion; the possession of the widow is therefore not adverse to the heir. The general rule is that the statute of limitation does not run against the reversioner until the death of the tenant for life. *Padgett* v. *Norman*, 44 Ark. 490; *Banks* v. *Green*, 35 Ark. 84; *Moore* v. *Childress*, 58 Ark. 510, 25 S. W. 833; *Ogden* v. *Ogden*, 60 Ark. 70, 28 S. W. 796." In reference to the widow's claim of adverse possession in that case, the court also said: "It is true that her claim and possession might have been of such a nature as to amount to an entire disseizin of the heir and an entire denial of his rights, so as to result in an acquisition of the title by adverse posses-

sion; but, before her possession could become adverse, it was necessary for her to first repudiate the title [of her husband] and to disavow any claim thereto as his widow; and it was also essential that notice of such disavowal by her of title as widow should be brought home to the heir.''

Even if a widow disavows her homestead and claims as a tenant in common, her possession and occupancy is presumed to be permissive and not hostile to her co-tenants unless the fact of hostility affirmatively appears. *Brinkley* v. *Taylor,* 111 Ark. 305, 163 S. W. 521; *Boyd* v. *Epperson,* 149 Ark. 527, 232 S. W. 939. In *Singer* v. *Naron,* 99 Ark. 446, 138 S. W. 958, the court said: ''The reason that the possession of one tenant in common is *prima facie* the possession of all, and that the sole enjoyment of the rents and profits by him does not necessarily amount to a disseizin, is because his acts are susceptible of explanation consistently with the true title. In order, therefore, for the possession of one tenant in common to be adverse to that of his co-tenants, knowledge of his adverse claim must be brought home to them directly or by such notorious acts of an unequivocal character that notice may be presumed.'' See, also, *Cameron* v. *Westbrook,* 178 Ark. 625, 11 S. W. 2d 440; *Zachary* v. *Warmack,* 213 Ark. 808, 212 S. W. 2d 706.

In *Mills* v. *Pennington,* 213 Ark. 43, 209 S. W. 2d 281, we held that the action of a widow in executing oil leases and mineral deeds and in selling standing timber did not alone amount to a renunciation of her homestead and dower interests and, *ipso facto,* start the statute of limitations against the deceased husband's heirs. It appears from the stipulation in the case at bar that the widow, Rebecca Byers VanDenBerg, remained in possession of the homestead personally and through her guardian from the date of the death of her first husband in 1914 until her own death in 1950. The execution of the deed of trust in 1926 by Rebecca and F. A. VanDenBerg did not set the statute of limitations in motion against the appellants. The widow's possession was not disturbed by execution of the mortgage which was satisfied of record in 1930. Neither a co-tenant nor a remainderman should be ex-

pected to check the records constantly to determine whether mortgages have been executed by the life tenant or co-tenant. The continued possession and payment of taxes by Rebecca Byers VanDenBerg following the death of Eugene Byers in 1914 were in conformity with her homestead rights as widow as well as the interests of appellants as the heirs of her deceased husband, and not in opposition to the latter's interests. We conclude that the widow's possession was not adverse so as to invest her with title to appellants' inheritance of an undivided one-fourth interest in the lands in controversy.

The decree is reversed and the cause remanded with directions to declare ownership of the respective undivided interests in the lands, and the distribution of sale proceeds, as follows: One-fourth to Ann V. Glavin; one-fourth to appellants; and one-half to appellees.