PEEBLES *v.* GARLAND.

4-9900               252 S. W. 2d 396

Opinion delivered November 10, 1952.

*J. Ford Smith,* for appellant.

*John D. Eldridge, Jr.,* for appellee.

MINOR W. MILLWEE, Justice. Appellees, Ida Shoup Garland and J. S. Garland, agreed to sell certain lands to appellants, L. D. and Carrie Peebles, for $4,500. Appellants paid $100 of the purchase price when the contract was executed and agreed to pay the balance upon delivery of a warranty deed conveying a merchantable title. Upon appellants' refusal to accept the deed tendered by appellees under the contract, this suit was instituted for specific performance.

D. P. Shoup was the owner of the lands in question. at the time of his death, testate, in 1929. Under his will the lands were devised "to my beloved daughter, Ida Shoup Garland, for and during her natural life, and after her death to the heirs of her body". At the time of the execution of the sales contract, Ida Shoup Garland, was seventy years of age and medically incapable of having further issue. Appellee, J. S. Garland, her only child, is 48 years of age and the father of two minor children.

Appellants declined to accept the warranty deed tendered by appellees on the ground that the will of D. P.

Shoup created a life estate in appellee, Ida Shoup Garland, with a contingent remainder to appellee, J. S. Garland. The chancellor found that a vested remainder in appellee, J. S. Garland, was created by the above-quoted language of the will and that appellees had, therefore, tendered a merchantable title and specific performance was directed. Hence, the issue presented is whether J. S. Garland, who was 24 years of age at the time of the testator's death in 1929, took a contingent or a vested remainder under the will of his grandfather.

In *Horsley* v. *Hilburn*, 44 Ark. 458, a father conveyed lands to his daughter and "the heirs of her body that are now born or hereafter may be born". One of the questions there presented was whether Ida, a child of the first grantee, in being at the time of the conveyance but who died without issue prior to the death of her mother, took a contingent or vested remainder under the conveyance. The court held that a conveyance to a grantee and the heirs of her body conveyed a fee tail general which, under our statute (Ark. Stats., § 50-405), became a life estate in the grantee as against the contention that a conditional fee was created which became absolute on the birth of issue. It was also held that only a contingent remainder passed to Ida and that the remainder did not become vested until the death of the life tenant and then only in those brothers and sisters of Ida and their descendants who survived the life tenants. The court said: "The statute says that the remainder shall pass in fee simple absolute to the person to whom the estate tail *would first pass* according to the course of the common law. It never could, under the circumstances, have passed to Ida at common law. During her mother's lifetime she was not heir at all. At her mother's death she was gone without leaving issue. There had been only a contingency that she might get an interest by surviving the mother, and that a vague and uncertain interest, which might be more or less according as there might be no more or many brothers and sisters. Nothing was vested as a right which she might transmit. At common law the surviving brothers, sisters and their descendants

*per stirpes,* would be entitled to have the estate pass to them on the death of the mother, without any portion being intercepted by inheritance of the mother from Ida. (See Fearne on Remainders, vol. 11, p. 202.) The estate vested in the surviving children and their issue at the death of the mother, and did not vest in remainder at all, in any one, during her life."

The decision announced in *Horsley* v. *Hilburn, supra,* has never been overruled but has been followed in many cases. In *Watson* v. *Wolff-Goldman Realty Co.,* 95 Ark. 18, 128 S. W. 581, Ann. Cas. 1912A, 540, the court said that the Horsley case had become a rule of property in this state. We reaffirmed the rule in the recent case of *Steele* v. *Robinson, et al., ante,* p. 58, 251 S. W. 2d 1001.

Appellees cite several cases where the devise or conveyance is to A for life with remainder over to A's "children", or words showing an intention to convey or devise the remainder to children rather than to bodily heirs. In such cases we have held that upon birth of issue to the life tenant the remainder to the child becomes vested subject to be opened up to let in afterborn children. Some of these cases are: *Jenkins* v. *Packington Realty Co.,* 167 Ark. 602, 268 S. W. 620; *McKinney* v. *Dillard & Coffin Co.,* 170 Ark. 1181, 283 S. W. 16; *Landers* v. *Peoples Bldg. & Loan Ass'n.,* 190 Ark. 1072, 81 S. W. 2d 917; and *Greer* v. *Parker,* 209 Ark. 553, 191 S. W. 2d 584. Obviously the rule announced in these cases does not apply to the devise here. Appellees call our attention to the inconsistency in the holding in these cases with the decision in *Deener* v. *Watkins,* 191 Ark. 776, 87 S. W. 2d 994, but this inconsistency was removed by the decision in *Steele* v. *Robinson, et al., supra,* overruling the Deener case.

Appellees also argue that a different rule is applicable here because the conveyance in *Horsley* v. *Hilburn, supra,* was to A and the heirs of her body, while here the devise is to A *for life* and then to the heirs of her body. However, the addition of the expressed life estate makes no difference either at common law or under our

statute. At common law a conveyance or devise to A and the heirs of his body created a fee tail and the same was true of a conveyance to A for life and then to the heirs of his body. See, Restatement, Property, §§ 59, 60. In the following cases the conveyance or devise contained an express life estate with remainder to the life tenant's bodily heirs and this court held the remainder to be contingent. *Plumlee* v. *Bounds,* 118 Ark. 274, 176 S. W. 140; *Gray* v. *McGuire,* 140 Ark. 109, 215 S. W. 693; *Gaines* v. *Ark. Nat. Bank,* 170 Ark. 679, 280 S. W. 993; *Eversmeyer* v. *McCollum,* 171 Ark. 117, 283 S. W. 379.

Our attention is also called to such cases as *Pletner* v. *Southern Lbr. Co.,* 173 Ark. 277, 292 S. W. 370, and *Bowlin* v. *Vinsant,* 186 Ark. 740, 55 S. W. 2d 927, which involved a conveyance or devise to A for life, then to B and his bodily heirs. In these cases the court held that the particular conveyance or devise created an exception to the general rule announced in *Horsley* v. *Hilburn,* *supra,* but that doctrine cannot be applied in the case at bar.

Under the holding in *Horsley* v. *Hilburn, supra,* and many subsequent cases, the remainder to appellee, J. S. Garland, is contingent and a merchantable title cannot be conveyed until the remainder estate vests upon the death of the life tenant. As pointed out by the appellants, it is not inconceivable that J. S. Garland may precede his mother in death and in that event the title will pass upon her subsequent death to the children of J. S. Garland or other bodily heirs of Ida S. Garland, if any. It follows that J. S. Garland has no vested interest in the lands pending the death of his mother and the deed tendered by appellees does not convey a merchantable title.

The decree is accordingly reversed and the cause remanded with directions to dismiss the complaint of appellees and to enter a decree for appellants upon their cross complaint for the return of $100 in earnest money paid appellees.