METROPOLITAN LIFE INS. CO. ET AL V.
CELIA LONG GARDNER, ET AL

5-4691                                                434 S.W. 2d 266

Opinion Delivered December 2, 1968

*Chowning, Mitchell, Hamilton & Burrow* for appellants.

*Brockman & Brockman* for appellees.

LYLE BROWN, Justice. This litigation was instigated by appellees. They are Celia Long Gardner, Agnes Long Whitehead, Tommie Dean Long, and Mc-Henry Long, children of H. T. and Maulcie Long. The purpose of the two separate proceedings they filed was (1) to set aside a 1932 foreclosure by Metropolitan Life Insurance Company, and (2) to have the court construe, by declaratory judgment, various instruments in the chain of title to the lands involved. On the main issue the chancellor ruled that the mortgage foreclosed was executed by Maulcie Long, for herself and as guardian of the children; that at the time of execution the children were contingent remaindermen in a portion of the lands; and, as respects the children's interest, the foreclosure was ineffective. Metropolitan and its grantee, Mrs. E. E. Burgess, appeal.

At the time of his death in 1924, H. T. Long resided on the SE¼, Sec. 2, Twp. 3 South, Rge. 8 West, in Jefferson County. When Long expired, he owned a one-half interest in the north eighty acres and held a purchase agreement to the other one-half interest. After H. T. Long's death, Dovie Long Hayes, daughter of H. T. Long by his first wife, conveyed her interest in the north half to Maulcie Long, widow of H. T. Long. Maulcie Long then paid off a purchase agreement with one Leeth, and title to the north half of the SE¼ became vested in her and the four small children.

Title to the south eighty acres came into the Long family from a different source. In 1922, B. P. Davis conveyed his three-fifths interest by deed in which the grantees were named as follows: " ... unto the said Mrs. Dovie Hayes, and Mrs. Maulcie Long, and to the bodily heirs of Mrs. Maulcie Long and her present husband,

H. T. Long, and unto their heirs and assigns forever .."
This language was repeated in the habendum clause.
After the death of H. T. Long, his widow (Maulcie) ob-
tained a quitclaim deed from Dovie Hayes and also title
to the outstanding two-fifths interest.

In 1928, Maulcie Long, for herself and as guardian
of the children, obtained a loan, secured by a mortgage
on the entire acreage, to pay for the purchase from
Leeth, to pay taxes, and to make minor improvements.
Metropolitan became the owner of the mortgage.    At
that time Maulcie owned the 160 acres in fee, less what-
ever interest was held by the bodily heirs of Maulcie and
H. T. Long by virtue of the deed from B. P. Davis. The
acreage also constituted the homestead of Maulcie and
her children.

In 1932 Metropolitan effected a foreclosure on the
mortgage and obtained a commissioner's deed to the en-
tire acreage.    Mrs. Long and children continued to oc-
cupy the lands as tenants for about one year and then
moved.    In 1949 Metropolitan conveyed the lands to
Mrs. E. E. Burgess, one of the two appellants.

The Long children initiated this litigation by the
filing of an action asking the court to declare the deed
from B. P. Davis to have created a fee tail estate; they
asked that the foreclosure decree be determined of no ef-
fect on them as contingent remaindermen; and subse-
quently they amended their pleadings and converted the
action to a petition for declaratory judgment because
Maulcie Long, the alleged life tenant, was still living.
In the foreclosure suit, they sought the right to redeem
their alleged interest.    They also alleged that the fore-
closure involved the illegal sale of the minors' home-
stead and entitled them to an accounting of rents and
profits since 1932.

Metropolitan denied all allegations and specifical-
ly asserted that the probate and foreclosure proceed-

ings were proper in all respects; and that any claims ever held by the Long children were barred by laches, estoppel, adverse possession, and limitations.

The trial court held that the deed from B. P. Davis created a joint life estate in Dovie Hayes and Maulcie Long, with a remainder over in Maulcie and H. T. Long's bodily heirs, whose interest was not subject to mortgage; that the probate and foreclosure proceedings were ineffective to divest the children's interest in the 160 acres; that they had and have a homestead interest in the north eighty acres and a leasehold interest in the south eighty acres; that they are not barred by laches, estoppel, or limitations; and that an equitable lien exists in favor of Metropolitan covering the homestead and leasehold interest for the amount of Metropolitan's judgment in foreclosure, less credits to which the children may be entitled. Finally, the chancellor declared the children had no right of possession because the mother is still living. For the same reason he held the motion to vacate the foreclosure decree was premature.

I. *The estate created by the deed from Davis "unto the said Mrs. Dovie Hayes, and Mrs. Maulcie Long, and to the bodily heirs of Mrs. Maulcie Long and her present husband, H. T. Long, and unto their heirs and assigns forever . . ."* The deed did not contain any express declarations as to the nature of the tenancy given to Dovie and Maulcie. Ark. Stat. Ann. § 50-411 (1947) provides that an interest granted to two or more persons (other than executors and trustees) shall be a tenancy in common unless expressly declared a joint tenancy. It was stated in *Ferrell* v. *Holland*, 205 Ark. 523, 169 S.W. 2d 643 (1943), that the construction should be against joint tenancy unless the intent to create it is clear. Also, Ark. Stat. Ann. § 50-403 (1947) says deeds shall be construed to convey fee simple title unless expressly limited by appropriate words. Construing the deed in harmony with the recited law, we conclude that Dovie Hayes acquired a one-half fee simple interest in

the lands conveyed, that being a three-tenth's interest in the south eighty acres.

We conclude that the other three-tenths interest was vested for life in Maulcie Long with a contingent remainder thereto in the bodily heirs of Maulcie and H. T. Long. *Peebles* v. *Garland,* 221 Ark. 185, 252 S.W. 2d 396 (1952); *Gray, Trustee* v. *McGuire,* 140 Ark. 109, 215 S.W. 693 (1919). A fee tail general was held to have been created by a deed "to the grantee and the heirs of her body." *Horsley* v. *Hilburn,* 44 Ark. 458 (1884). Actually, we have here a deed which creates a fee tail special because it is restricted to the bodily heirs of Maulcie and H. T. Long. Our disentailing statute creates a life estate in Maulcie Long and a contingent reminder in the bodily heirs. Ark. Stat. Ann. § 50-405 (1947). It logically follows that the foreclosure was ineffective as to the three-tenths interest of the bodily heirs in the south eighty acres.

We cannot agree with the contention of appellants that the rule in Shelley's Case is applicable. It is applied only "when the language of the will or conveyance creates a limitation to the heirs of the devisee or grantee in general. If the limitation is to the bodily heirs or the heirs of the body of the grantee, then the rule in Shelley's Case has no application." *Gray, Trustee* v. *McGuire, supra.*

In the deed before us the grant was to "Mrs. Dovie Hayes, and Mrs. Maulcie Long, and to the bodily heirs of Mrs. Maulcie Long and her present husband, H. T. Long, and unto their heirs and assigns forever." The appellants contend that the final clause, "and unto their heirs and assigns forever," refers all the way back to Dovie Hayes and Maulcie Long, thereby creating a fee simple estate in Mrs. Long under our holding in *Hardage* v. *Stroope,* 58 Ark. 303, 24 S.W. 490 (1893). We do not agree with that contention, because in our opinion the clause in question refers both grammatically

and logically to the bodily heirs of Maulcie and H. T. Long, so that the rule in Shelley's Case, as interpreted in the *Hardage* case, is inapplicable.

II. *The laws of estoppel, laches, statute of limitations, and adverse possession, as they affect the rights of the children to claim any interest in the lands.* These contentions asserted by appellants, as to the undivided three-tenths interest, fail because of our interpretation of the words of conveyance in the deed from B. P. Davis. In other words, the interest of the bodily heirs was never effectively mortgaged or foreclosed. In *Love* v. *McDonald,* 201 Ark. 882, 148 S.W. 2d 170 (1941), it was pointed out that a contingent remainder is an interest not capable of being transferred or mortgaged. In numerous cases it has been held that limitations do not begin to run against remaindermen until the death of the life tenant. *Perry* v. *Rye,* 223 Ark. 594, 267 S.W. 2d 507 (1954); *Tennison* v. *Carroll,* 219 Ark. 658, 243 S.W. 2d 944 (1951). We do agree with appellants that the children have no claim to any other interest at this late date. The youngest child, McHenry Long, became twenty-one years of age on March 22, 1946. If they were entitled to any credits for being deprived of their homestead rights during their minority, they should not have waited these many years to make their claim.

III. *The alternative prayer of Metropolitan to be reimbursed by appellees proportionately for the original debt and the cost of supporting their title since 1928.* We are cited no authorities which would approve the claimed reimbursement. As we view it, the lender was a volunteer. By operation of law it did not acquire any security in the future interest of the contingent remaindermen. The only bona fide security which Metropolitan obtained for the loan was a lien on Maulcie's interest.

The cause is remanded with directions that the trial court's decree be modified to conform to the views herein expressed.