Files vs. Watt.

---

## FILES VS. WATT.

PARTIES: *When petition to be made party to a suit denied.*

In a suit for the possession of land, after appeal to this court and mandate sent down, a third party, showing no interest in common, or privity of right between himself and the other litigants, but claiming an independent ownership, petitioned to be made a party defendant: *Held*, that the petitioner had no right to be made a party to a suit only involving the right of possession between the other litigants, and the court should have disallowed his petition.

APPEAL from *Ashley* Circuit Court.

Hon. HENRY B. MORSE, Circuit Judge.

*J. W. Murphy*, for appellant.

*J. W. Van Gilder*, for appellee.

GREGG, J.    An action was pending between Alexander K. Watt and John T. Hughes for the possession of certain lands; after the case had been in this court (26 Ark., 228), and a mandate sent down, the appellant appeared in the court below, and filed a petition to be made a party defendant.

The prayer of his petition was granted and his answer filed. After the plaintiff, upon the trial in the original suit, had produced his evidence, the appellant offered to introduce proof of title in himself, and to show that the defendant (Hughes) was holding under him,   The appellee objected.   The court sustained the objection, to which appellant excepted; whereupon the court, on its own motion, ordered the appellant's answer stricken from the files, and his name as a defendant stricken from the record, to which he excepted, and he appealed to this court.

The appellant was neither a necessary nor a proper party to the suit between Watt and Hughes; he shows no interest in common or privity of right between himself and either of the litigants.   He simply alleged an independent ownership, and made no showing that Watt, the plaintiff, was in any way attacking his right of property or possession, and if Watt was seeking no judgment against him, and none that affected his title or his right of possession, he should not complain, and certainly he had no right to intermeddle in a controversy between Watt and Hughes, only involving their right of possession, and the court should have disallowed his petition.

As he was improperly in court, and complicating litigation between others, he cannot be heard to complain if the court refused to hear his proof.

The judgment is affirmed.