## No. 13,440.

ESTATE OF KWATKOWSKI.
STATE OF COLORADO *v.* REINDL, EXECUTOR ET AL.
(29 P. [2d] 639)

Decided February 5, 1934.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for plaintiff in error.

Messrs. BRYANT & STUBBS, for defendants in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE judgment brought here by the state of Colorado for review is one rendered by the district court of Montrose county. It purports to construe the last will and testament of one Kwatkowski, deceased, which reads as follows: "I bequeath to Herbert E. Canfield and Mary E. Canfield, jointly and severally, all of my real and personal property, consisting of the East one-half, of the Northwest one-fourth, of Section Ten in Township Forty-Six North, Range Fifteen West, New Mexico principal Meridian. Being eighty acres, more or less. Provided, however, that in case I should sell or dispose of said described lands during my lifetime, then in that case, should I become the owner of other lands, this will shall apply to such other lands the same as it now applies to the lands above described, my intent being, that the above named legatees, after paying all expenses of my funeral, and paying all bills legally charged against my estate, shall become the sole owners of all lands, notes, credits, moneys or other property of which I may be possessed at my death."

Herbert E. Canfield and Mary E. Canfield were husband and wife. Herbert E. died in the testator's lifetime. If the will created a joint tenancy, Mrs. Canfield as survivor of her husband became vested with the title to the whole estate; on the other hand, if the will created a tenancy in common, she became vested with the title to only a half interest, and, because Herbert E. Canfield predeceased the testator so that the devise to him could never become vested, and because the testator Kwatkow-

ski had no known heirs at law, the proceeds representing the other half must be paid to the state of Colorado under C. L. '21, §5366, with the possibility of their eventually becoming a part of the public school fund of the state. It consequently became necessary to determine which of the two kinds of tenure was established. The court below held that it was a joint tenancy, and entered judgment accordingly, deciding that Mrs. Canfield was entitled to all the property. The state of Colorado asks a reversal and a decision in its favor as to half of the estate.

Under the feudal system of England, naturally, the holdings of the courts long favored joint tenancies as against tenancies in common. The later English decisions have leaned the other way. In this country some of the courts early decided that a joint tenancy is alien to our form of government, and indulged in every possible presumption against that kind of tenure. Many of our American states, however, did not leave the matter to the attitude of the courts. Statutes were enacted expressly favoring tenancies in common as contrasted with joint tenancies. Among these is C. L. '21, §4872, a provision adopted by Colorado at the very first session of the territorial legislature, in force ever since 1861, as follows: "No estate in joint tenancy, in any lands, tenements or hereditaments, shall be held or claimed under any grant, devise or conveyance whatsoever hereafter made, other than to executors and trustees, unless the premises therein mentioned shall be thereby expressly declared to pass, not in tenancy in common, but in joint tenancy; and every such estate, other than to executors or trustees (unless otherwise expressly declared as aforesaid) shall be deemed to be tenancy in common." It thus appears that for over seventy years the policy of this jurisdiction, as declared by the legislature, has been to prefer tenancies in common at the expense of joint tenancies. Our problem is therefore not the usual one of merely applying a liberal interpretation and construction to a will.

We are called upon to enforce a statute. We are not at liberty to nullify it. To do so would be to encroach upon a coordinate branch of the state government. The statute clearly requires that the document creating a joint tenancy shall expressly declare the land "to pass, not in tenancy in common, but in joint tenancy," in default of which declaration it "shall be deemed to be tenancy in common." This was not done, neither the prescribed words nor their equivalent being used. The duty to enforce the law as we find it cannot be sidestepped by simply saying that, notwithstanding the absence of the above mentioned declaration, the testator intended to establish a joint tenancy, either because there is parol evidence of the alleged intention, or because we might indulge a conjecture that such was his intention on account of the expression "jointly and severally" found in the will. The argument on the latter ground would, we think, be stronger if the expression were "jointly" alone, since the word "severally" directly connotes severalty of interest. That even the separate use of "jointly" would be insufficient for the purpose of expressing a joint tenancy is decided by well-reasoned cases in other states. *Overheiser v. Lackey,* 207 N. Y. 229, 100 N. E. 738; *Mustain v. Gardner,* 203 Ill. 284, 67 N. E. 779; *Fries v. Kracklauer,* 198 Wis. 547, 224 N. W. 717.

As stated in *Mustain v. Gardner, supra*: "In the absence of an affirmative declaration that the estate devised is in joint tenancy, an estate in tenancy in common will be devised, unless it clearly and explicitly appears from the language employed that the testator understood the nature and incidents of the different estates and intended to create a joint tenancy."

The case of *Case v. Owen,* 139 Ind. 22, 38 N. E. 395, cited by counsel, relies upon two other Indiana cases as its only authorities, but neither of these is in point.

When the words "jointly and severally" appear as in the case at bar, the resulting tenure is all the more ob-

viously a tenancy in common. *Miller v. Miller,* 16 Mass. 59.

When legal terms are inaccurately or inappropriately used by a layman, as was the case here, the statute which requires a definite and specific declaration is not satisfied.

Since we take the foregoing view, it is not necessary to consider whether the lower court erred in admitting parol evidence as to the testator's intention. That evidence, indeed, tends to show a total absence from the testator's mind of any thought that but one of the two devisees might predecease him. It appears beyond question that, so far as any statement from him would indicate, the testator contemplated only two contingencies, namely, his dying before both Canfields, or the dying of both Canfields before him. It is plain that, if both Canfields had predeceased the testator, the state of Colorado would receive the proceeds of the entire estate and potentially be the sole beneficiary, under the aforesaid section 5366.

Perhaps the lesson to be conveyed by this case is that the preparation of wills and other legal documents by laymen having a mere smattering of the law will continue to breed litigation which might well be averted by employing the services of a competent attorney.

The judgment must be reversed with directions to the lower court to enter findings and judgment declaring that the tenure herein involved is a tenancy in common, and that upon final settlement of the estate the state of Colorado is entitled to receive one-half of the proceeds from the estate, to be dealt with as directed by C. L. '21, §5366, provided there be no known heirs of the testator at the time of such settlement.

Judgment reversed with directions.

Mr. Chief Justice Adams and Mr. Justice Butler concur.