FERRELL, ADMINISTRATRIX, *v.* HOLLAND.

4-7001            169 S. W. 2d 643

Opinion delivered March 15, 1943.

*Chas. F. Cole* and *J. J. McCaleb,* for appellant.

*Ernest Neill* and *Kaneaster Hodges,* for appellee.

McFADDIN, J. The decision in this case determines the ownership of a certificate in the Batesville Federal Savings & Loan Association, and in the presentation of the case the following questions were argued by counsel in the briefs:

1. Was there a joint tenancy in the certificate between S. I. Ferrell and Dr. D. T. Holland, so that the survivor became entitled to the entire certificate?

2. If there was not a joint tenancy, then was there a completed gift from S. I. Ferrell to Dr. Holland?

3. Was the testimony of Dr. Holland inadmissible in evidence under § 5154 of Pope's Digest?

4. Was there a fraudulent conveyance in creating the joint tenancy or gift so that the administratrix of

the estate of S. I. Ferrell can be heard to set aside the conveyance?

5. Can a creditor of S. I. Ferrell be allowed to intervene after the decree in the chancery court and be heard to attack the conveyance as fraudulent?

## The Facts

On November 26, 1941, Mr. S. I. Ferrell died intestate at his home in Independence county, Arkansas, at the advanced age of eighty-four, survived only by his widow, Mrs. Mary F. Ferrell, seventy-two years of age, a stepson, Sam Wyatt, a niece and two nephews residing in Tennessee—one of the nephews being Dr. D. T. Holland of Newbern, Tennessee, the appellee herein.

On December 4, 1941, Mrs. Mary F. Ferrell, the widow, was appointed as administratrix of Mr. Ferrell's estate. Claims totaling $2,306.54 have been filed against the estate and allowed by the probate court. The personal estate has been appraised at $2,339.31, plus the potential right to recover the certificate herein involved, which has a face value of $5,000. Mr. Ferrell also had an interest in some real estate.

Among Mr. Ferrell's papers was found certificate No. 288 of the face value of $5,000 in the Batesville Federal Savings & Loan Association (which is hereinafter referred to as the association). This certificate showed on its face that it was issued to "S. I. Ferrell and Dr. D. T. Holland as joint tenants with right of survivorship and not as tenants in common." Mrs. Ferrell, as administratrix of the estate, demanded that the association pay to her the amount of the certificate. Dr. Holland demanded that the association pay to him the amount of the certificate. Thereupon, the association filed its interplea in equity admitting the issuance of the certificate, setting out a copy of the same and the application card, and offering to pay the money to the person determined by the court to be the owner. Mrs. Ferrell, as administratrix, filed an answer to the interplea claiming the certificate in her representative capacity and cross-complaining against Dr. Holland and setting out the claims allowed against the estate and the inventory there-

of, and claiming that whether the certificate created a completed gift or a joint tenancy, still it was a fraudulent conveyance by Mr. S. I. Ferrell and should be set aside and the entire certificate should go to his estate. Dr. Holland denied the cross-complaint and claimed the certificate as his own either as a gift or a joint tenancy.

On the trial, it was shown that in December, 1940, Mr. Ferrell sold certain lands for $7,500 cash, and on August 26, 1941, he purchased from the association the certificate here involved in the amount of $5,000, paying for the same with his personal check on the bank in Batesville. Independent and disinterested witnesses in this case who testified concerning the proof of the certificate were Mr. C. B. Metcalf, Mr. M. D. Hulsey and Mr. Edgar Metcalf. Mr. C. D. Metcalf testified that he was secretary-treasurer of the association, and that he called at the home of Mr. Ferrell on August 26, 1941, at the request of Dr. L. T. Evans (Mr. Ferrell's physician); that Mr. Ferrell advised the witness that he wished to open a special account, and witness explained the joint share-holding account of the association. Mr. Ferrell stated that he wanted his nephew, Dr. D. T. Holland, to participate in the account, and Mr. Ferrell said this joint share-holding account was exactly what he wanted. Witness believes that Mr. Ferrell thoroughly understood the plan. Mr. Ferrell instructed the witness to bring the certificate for $5,000 to him and he would issue a check for that amount. Mr. Ferrell signed an application card and received the certificate the same day and paid the $5,000 therefor. The application card was signed by Mr. Ferrell in the presence of the witness, and Mr. Ferrell advised him that Dr. Holland was coming over sometime in a few days and would also sign the application card. No dividend check was ever issued on the certificate during Mr. Ferrell's lifetime, and none has been issued since. Mr. M. D. Hulsey testified that he was present when Mr. Ferrell purchased the certificate, that Mr. Ferrell sent for him to be present so that he could see and hear the entire transaction, and witness paid close attention. Mr. Edgar Metcalf is employed by the association and remembers Dr. Holland coming to the office of the

association to sign the application card shortly after August 26, 1941, and well within the lifetime of Mr. Ferrell. The application card introduced in evidence and signed by Mr. Ferrell and Dr. Holland reads as follows:

"(b) Membership of joint holders (with right of survivorship) of a share account    Acct. No.......................

(1) S. I. Ferrell, (S. I. Ferrell, Desha, Ark.)............................

(2) Dr. D. T. Holland, (Dr. D. T. Holland, Newbern, Tenn.)

(3) ................................................................................................................

"The undersigned hereby apply for a membership and for an investment share account in the

Batesville Federal Savings & Loan Association

and for the issuance of evidence of membership in the approved form in the joint names of the undersigned as joint tenants with the right of survivorship and not as tenants in common.* Receipt is hereby acknowledged of a copy of the charter and by-laws of said association. Specimens of the signatures of the undersigned are shown below and the association is hereby authorized to act without further inquiry in accordance with writings bearing any such signature; it being understood and agreed that any one of the undersigned who shall first act shall have power to act in all matters related to the membership and any share account in said association held by the undersigned, whether the other person or persons named in the certificate be living or not. The repurchase or redemption value of any such share account' or other rights relating thereto may be paid or delivered in whole or in part to any one of the undersigned, who shall first act, and such payment or delivery or a receipt or acquittance by any one of the undersigned shall be valid and sufficient release and discharge of said association.

"S. I. Ferrell, DeWitt T. Holland, M. D., .........................................
(1)  Signature         (2)  Signature         (3)  Signature

...........................................   ...........................................   ...........................................
Street Address          Street Address          Street Address
  Desha, Ark.             Newbern, Tenn.          (Clinic)...................
City and State          City and State          City and State
"Ferrell signed in presence of M. D. Hulsey
"Dated 8-26-41   Introduced by...............................................................

*"The certificate issued pursuant to this application for membership of joint holders must be filled out by inserting in the first blank space the names of the joint holders; for example, 'John Doe and Richard Roe,' immediately followed by the words: 'as joint tenants with the right of survivorship and not as tenants in common.' Joint tenants with the right of survivorship constitute one member as a partnership constitutes one member."

The certificate issued by the association was as follows:

"No. 288                                             $5,000

Batesville Federal Savings & Loan Association
· Batesville, Arkansas
Investment Share Account

"This is to certify that S. I. Ferrell, Desha, Ark., and Dr. D. T. Holland, Newbern, Tenn., as joint tenants with right of survivorship, and not as tenants in common, is a member of the Batesville Federal Savings & Loan Association and holds a five thousand dollars investment share account of said association, subject to its charter and by-laws and to the laws of the United States of America.

"Witness the authorized signature(s) of office or employee this 26th day of August, 1941.

"Batesville Federal Savings & Loan Association
"By C. D. Metcalf, Secretary-Treasurer."

Other facts appear hereinafter.

. ■ Was there a joint tenancy in the certificate between S. I. Ferrell and Dr. D. T. Holland so that the survivor became entitled to the entire certificate?

In feudal times, and at common law, joint tenancy was favored, and whenever possible that estate was held to exist (14 Am. Jur. 82); but in Arkansas, and in many of the other states, statutes have been adopted which construe an estate to be a co-tenancy rather than a joint tenancy. Our statute is § 9 of Chapter 31 of the Revised Statutes of 1838, and is found in § 1812 of Pope's Digest: "Every interest in real estate, granted or devised to two or more persons, other than executors and trustees as

such, shall be in tenancy in common, unless expressly declared in such grant or devise to be a joint tenancy.''

It will be observed that this statute does not *prohibit* a joint tenancy: it merely provides for a construction against joint tenancy if the intention to create it is not clear. Joint tenancy is possible and legal in Arkansas and we have cases recognizing joint tenancy. One of these is *Cockrill* v. *Armstrong,* 31 Ark. 580.

Act 343 of 1939 provides in § 1 (b): ''Any building and loan association or federal savings and loan association may issue shares, share accounts, or accounts in the joint names of two or more persons or their survivor, in which event any of such persons who shall first act shall have power to act in all matters related to such shares, share accounts, or accounts whether the other person or persons named in such shares, share accounts, or accounts be living or not. Such a joint account shall create a single membership in any such association. No shares, share accounts, or accounts shall be issued to tenants in common. The repurchase or redemption value of shares, share accounts, or accounts issued in joint names, and dividends thereon, or other rights relating thereto, may be paid or delivered, in whole or in part, to any of such persons who shall first act, whether the other person or persons be living or not. The payment or delivery to any such person, or a receipt or acquittance signed by any such person, to whom any such payment or any such delivery of rights is made, shall be a valid and sufficient release and discharge of any such association for the payment or delivery so made.''

The above statute applies here; and from the evidence in this case we hold that Mr. S. I. Ferrell and Dr. D. T. Holland intended to, and did, create a joint tenancy with right of survivorship when they applied for and received the certificate here involved. Regarding some of the results of joint tenancy, it is stated in 14 Am. Jur. 79: ''An estate in joint tenancy is one held by two or more persons jointly, with equal rights to share in its enjoyment during their lives, and having as its distinguishing feature the right of survivorship or *jus ac-*

*crescendi,* by virtue of which the entire estate, upon the death of any of the joint tenants, goes to the survivors.''

And further (p. 82): ''Accordingly, it is now generally recognized that there can be a joint tenancy in almost any kind of personal property . . . including building and loan association deposits . . .''

It is insisted that there can be no survivorship rights of Dr. Holland in the certificate because of § 4351 of Pope's Digest, which provides: ''All survivorships of real and personal estate are forever abolished.''

This section of Pope's Digest is § 6232 of Crawford & Moses' Digest, § 4423 of Kirby's Digest, § 3903 of Mansfield's Digest, and was § 6 of Chapter 82 of the Revised Statutes of 1838. This section cannot apply here, where joint tenancy was created; because our statute allows a joint tenancy to be created (§ 1812, Pope's Digest, and Act 343 of 1939), and because survivorship is one of the essential results of a joint tenancy. In 85 A. L. R. 282, there is an annotation on the right of survivorship as affected by statutes abolishing joint tenancy and survivorship; and those desiring to pursue the inquiry further are cited to that annotation, which lists cases from other jurisdictions reaching the same conclusion as here expressed. We hold that there was created a joint tenancy with right of survivorship when Mr. S. I. Ferrell and Dr. D. T. Holland signed the application card to the loan association and received the certificate, and, the certificate never having been changed, it goes to Dr. Holland as the survivor. The cases of *Black* v. *Black,* 199 Ark. 609, 135 S. W. 2d 837, and *Neal* v. *Neal,* 194 Ark. 226, 108 S. W. 2d 595, are clearly distinguishable from the case here. In the Neal case, the essentials of a joint tenancy—as there listed—never existed: here, they did. In the Black case the facts negatived the contention of an entirety estate in the lock box and its contents: here, the facts show a joint tenancy in the certificate.

■ If there was not a joint tenancy, then was there a completed gift from S. I. Ferrell to Dr. Holland?

Having decided that there was a joint tenancy in the certificate, it becomes unnecessary to consider the ques-

tion of the completed gift; (for Dr. Holland receives the certificate as a surviving joint tenant).

■ Was the testimony of Dr. Holland inadmissible in evidence under § 5154 of Pope's Digest?

Our attention has been called to schedule, § 2 of the constitution, as well as § 5154 of Pope's Digest, where it is provided: ". . . in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, intestate or ward, unless called to testify thereto by the opposite party."

We are asked to exclude the testimony of Dr. Holland because of this statute. In the case of *Campbell, Administrator,* v. *Hammond,* 203 Ark. 130, 156 S. W. 2d 75, it was held that this court, in trying a case *de novo* (as we do in equity cases) can disregard the incompetent evidence. It will be observed that in the statement of facts we have entirely omitted any reference to Dr. Holland's testimony in reaching our conclusion herein.

■ Was there a fraudulent conveyance in creating the joint tenancy so that the administratrix of the estate of S. I. Ferrell can be heard to set aside the conveyance?

It is insisted by the appellant that when Mr. S. I. Ferrell created the joint tenancy, he was in fact making a fraudulent conveyance; and for that reason his administratrix should now be heard to set aside the joint tenancy. Considerable evidence was offered concerning Mr. Ferrell's assets and liabilities. We find it unnecessary to review this evidence because his administratrix cannot raise the fraudulent conveyance issue. This was decided in the case of *Matlock* v. *Bledsoe,* 77 Ark. 60, 90 S. W. 848, where Mr. Justice Riddick, speaking for the court, said:

"If we concede, then, that this assignment was fraudulent as to creditors, for the reason that it was made without consideration at a time when Henry was insolvent, that would amount to nothing in this proceeding unless the administrator can attack the transfer on that

ground; for, while one of the creditors filed a petition to be made a party, this petition was rejected, no appeal was taken, and the only party asking relief before us is the administrator of Henry. But it is well-settled law in this state that voluntary conveyances made in fraud of the rights of creditors are valid and binding between the parties thereto, their heirs, executors, and administrators. *Anderson* v. *Dunn,* 19 Ark. 650; *Jordan* v. *Fenno,* 13 Ark. 593.

"A recent statute has changed the law on this subject as to conveyances of real estate made without consideration in fraud of creditors, and provides that the administrator or executor may recover land so conveyed by the decedent for the benefit of the heirs. Kirby's Digest, § 81. But that statute does not refer to transfers of personal property, and the law as to the fraudulent conveyances of such property remains as it was before the statute. We are therefore of the opinion that the administrator of Henry cannot object to the assignment of this policy on the ground that Henry was insolvent, and that it was fraudulent as to his creditors."

■ Can a creditor of S. I. Ferrell be allowed to intervene after the decree in the chancery court and be heard to attack the conveyance as fraudulent?

On September 3, 1942, Sam Wyatt, Jr., sought to file an intervention in this cause claiming that he was a creditor of the estate of S. I. Ferrell, and that his claim had been allowed by the administratrix and the probate court, and that as such creditor he had the right to raise the question of a fraudulent conveyance. The chancellor dismissed the intervention and this order is assigned as error by the intervener. We agree with the order of the chancellor, because the petition to intervene was not filed until after the decree had been rendered in the chancery court. The cause was submitted to the chancery court on June 6. The decree was rendered on August 16. The petition of Wyatt to intervene was not filed until September 3. Section 1318 of Pope's Digest provides: "Where, in an action for the recovery of real or personal property, any person having an interest in the property

applies to be made a party, the court *may* order it to be done."

This was § 37 of the Civil Code; and cases construing this section are cited by Mr. T. D. Crawford in his annotated volume of the Civil Code of Arkansas. In 39 Am. Jur. 943, the rule is stated: ". . . the general rule is that after litigation has progressed to final judgment or decree it is too late for third persons to be allowed to intervene as parties to the litigation. Ordinarily, intervention is not allowed after a final judgment or decree has been entered, or when an appeal therefrom is pending."

An annotation on this point may be found in 127 A. L. R. 668. The rule as announced in American Jurisprudence was impliedly recognized by this court in *Files* v. *Watt,* 28 Ark. 151.

Finding no error in the decree of the chancery court, the cause is affirmed.