WILSON *v.* HARRIS.

5-1260                                    302 S. W. 2d 86

Opinion delivered May 6, 1957.

[Rehearing denied June 10, 1957]

*J. R. Wilson,* for appellant.

*W. C. Medley* and *Joe H. Schneider,* for appellee.

ED F. McFADDIN, Associate Justice.   The question posed is, the right of persons—not parties to original litigation—to intervene in the case after the final decree has been rendered.   The Chancery Court denied the right; and we affirm the holding under the facts here shown.

On October 24, 1952 McGrew Harris, *et al.,* filed suit No. 1588 in the Calhoun Chancery Court against "Unknown Trustees of C. E. Harris Company and Newark Oil Corporation", seeking (a) to have half of the mineral interest in certain lands quieted in the plaintiffs;

and (b) to obtain certain money in the registry of the Court to the credit of the named defendant companies. An attorney ad litem was appointed and made his report; a warning order was published; and proof of publication was made. On November 24, 1952 the Calhoun Chancery Court, being regularly in session, rendered a decree[1] in the cause, giving the plaintiffs the prayed relief; and this decree was filed on November 25, 1952.

Thereafter, on December 29, 1952, the present appellants, Miss Sallie Lou Wilson and Mrs. Iszora Wilson (hereinafter designated as interveners), filed a pleading in the said case No. 1588. The pleading was entitled: "Intervention of Sallie Lou Wilson and Mrs. Iszora Wilson, and Petition to Quiet Title and Prayer for Partition when and if Title is Quieted and the Ownership legally determined". In the said pleading (which is referred to as "intervention") the interveners claimed to own all of the surface and half of the minerals in and under the SE ¼ NW ¼ and NW ¼ SW ¼ Sec. 23, Twp. 15 S., R. 14 W., in Calhoun County. This 80 acre tract was a portion of the land concerning which the Court— by the decree of November 24, 1952—had quieted the title to one-half of the minerals in McGrew Harris, et al. In their said pleading the interveners: (a) deraigned their title to the surface and half the minerals; (b) alleged that on April 4, 1949 the interveners and Carter Oil Company had conducted a proceeding against the Newark Oil Corporation in the Calhoun Chancery Court under the provisions of § 53-401 et seq. Ark. Stats.; (c) alleged that in the 1949 proceedings an oil and gas lease on the interest of the Newark Oil Corporation had been duly authorized and executed; (d) alleged that the money in the registry of the Calhoun Chancery Court belonged either to the Newark Oil Corporation or to the State of Arkansas under the law of escheat; and (e) denied that McGrew Harris, et al, were entitled to any relief in the case No. 1588.

---

[1] The decree recites, inter alia: "And the Court proceeds to a hearing of this cause upon the complaint of the plaintiffs heretofore filed, the affidavit for Warning Order herein, the Proof of Publication of Warning Order, the Response of the Attorney ad Litem, and other evidence adduced for the consideration of the Court."

McGrew Harris, *et al.,* moved that the said intervention be dismissed as filed too late, and this motion was granted by the Court on September 7, 1956.[2] From the said dismissal the interveners prosecute this appeal, making seven points as to alleged irregularities or illegalities in the proceedings leading up to the decree of November 25, 1952. But we conclude that our holding in *Ferrell, Admx.* v. *Holland,* 205 Ark. 523, 169 S. W. 2d 643, precluded the intervention in the case No. 1588 by the interveners *after the decree had been entered.* In *Holland* v. *Ferrell* we said:

"The cause was submitted to the chancery court on June 6. The decree was rendered on August 16. The petition of Wyatt to intervene was not filed until September 3. Section 1318 of Pope's Digest provides: 'Where, in an action for the recovery of real or personal property, any person having an interest in the property applies to be made a party, the court *may* order it to be done.'

"This was § 37 of the Civil Code; and cases construing this section are cited by Mr. T. D. Crawford in his annotated volume of the Civil Code of Arkansas. In 39 Am. Jur. 943, the rule is stated: '. . . the general rule is that after litigation has progressed to final judgment or decree it is too late for third persons to be allowed to intervene as parties to the litigation. Ordinarily, intervention is not allowed after a final judgment or decree has been entered, or when an appeal therefrom is pending.'

---

[2] The time lag from 1952 to 1956 is not explained in the briefs but is mentioned merely to show that we have not misstated the years. The order dismissing the intervention recited, *inter alia:* "And the Court finds upon hearing of this matter that a Final Decree was entered in the above entitled cause of action November 24th, 1952 and filed with the Clerk of the Calhoun Chancery Court on November 25th, 1952 and entered of record. That the Intervention of the Interveners was not filed in the Calhoun County, Arkansas Chancery Court until December 29th, 1952, more than one month after final decree had been entered of record in this action. That after litigation has progressed to a final judgment or decree it is too late for third persons to be allowed to intervene as parties to the litigation. That the Motion of Plaintiffs for the Intervention to be dismissed and struck from the file in this action, should be granted and sustained by the Court."

"An annotation on this point may be found in 127 A. L. R. 668. The rule as announced in American Jurisprudence was impliedly recognized by this court in *Files* v. *Watt,* 28 Ark. 151."

These interveners were not named as defendants in the original suit No. 1588: so they cannot invoke the provisions either of § 27-1907 Ark. Stats. (as to time to set aside judgment rendered on constructive service), or of § 29-404 Ark. Stats. (as to essentials of valid judgment on constructive service). If these interveners feel that the decree, entered in case No. 1588 in the Calhoun Chancery Court in November, 1942, casts a cloud on their title, then they are free to file a separate suit to remove such cloud. They are also free to file any plenary suit they desire, and the holding in the present case is in no sense *res judicata* against them. But, in a case in which they were not parties, they do not have the right to intervene *after the decree* and have the entire case reopened, as they have attempted to do.

Affirmed.