Roy *v.* McComb.

5-2194                                    **340 S. W. 2d 381**

Opinion delivered November 21, 1960.

[Rehearing denied December 19, 1960.]

*James M. Roy* and *Elsijane T. Roy,* for appellant.

*Fred McDonald,* for appellee.

George Rose Smith, J. The question here is whether the will of Sallie Bryan McComb created a tenancy in common in the property left to her two children or created instead a joint tenancy in that property, with a right of survivorship. (As to the latter estate see *Ferrell* v. *Holland,* 205 Ark. 523, 169 S. W. 2d 643.) The trial court took the first view, which opens the door to a claim of dower by the appellee, who is the surviving widow of the testatrix's son. The appellants contend that the second view of the testatrix's will is the right one.

Mrs. McComb, the testatrix, died in 1922, survived by two children, Joel V. McComb and Pearl Moore Roy. The estate, apparently by common consent, was kept together and managed by the appellant Pearl Moore Roy, as administratrix, until after her brother's death in 1957. Mrs. Roy then filed her present petition in the probate court, asserting that the entire estate had vested in her

as the surviving child of the testatrix and asking for authority to convey all the property to herself. This petition was resisted by the appellee, Joel V. McComb's widow, who seeks to assert her right to dower in her husband's share of his mother's estate.

These are the pertinent provisions in the will of Sallie Bryan McComb:

"That all the property I own and money in banks and stocks be equally divided in half to my two children . . .

"If my son Joel V. McComb should die bearing no children of his own the said inherited property must come back to his sister, 'Pearle [sic] Moore Roy.'

"If Pearle Moore Roy should die the said property goes to her children equally divided and in case she leaves no children property goes back to her brother, Joel V. McComb."

In our opinion the present issue was conclusively determined in a prior case involving this same will, *Ollar v. Roy,* 212 Ark. 682, 207 S. W. 2d 313. In that case the testatrix's two children had contracted to sell lands constituting part of their mother's estate. Pearl Moore Roy then had one child, the appellant James Roy, while her brother Joel was childless, as he continued to be until his death. In the earlier case Ollar, the purchaser, questioned the sellers' title, contending that they had received under their mother's will some estate less than the fee simple and were therefore not able to convey a merchantable title. In the vendors' suit for specific performance we rejected the purchaser's construction of the will and announced two conclusions concerning the will of Sallie Bryan McComb:

First, we held that the first quoted paragraph in the will vested an estate in fee in the two children. "While the language used by the testatrix in the instant case is that of a layman, we hold that it was her intent to create an estate in fee to the appellees . . ."

Secondly, we held that the other two quoted paragraphs were to have been effective only if either child had predeceased the testatrix. "Applying this rule of construction to the will in the instant case, we hold the testatrix meant by the second paragraph above quoted that had Joel V. McComb died without children prior to his mother's death, his share of the estate would have gone to his sister, Pearl Moore Roy. The same construction is applicable to the third paragraph. Since the appellees survived their mother they became vested with title to the lands in fee simple under the will and can convey such title to the appellant."

From the foregoing language in the *Ollar* case it is plain that the second and third paragraphs of Mrs. McComb's will never became effective, because both the testatrix's children survived her. We therefore concluded in that case that the son and daughter of the testatrix took the fee simple under the first paragraph of the will.

In the prior case Pearl Moore Roy and her brother successfully contended that they, having survived their mother, were vested with the fee simple, to the exclusion of any possible estate in their own children. Mrs. Roy does not ask us to overrule that decision; it is clear that she could not in good conscience make such a request. Instead she argues, with much ingenuity, that the effect of the previous opinion was merely to hold that she and her brother *together* could convey the fee simple. This holding, it is urged, does not necessarily defeat her present insistence that there was a right of survivorship upon her brother's death in 1957.

This contention, when carefully analyzed, will be seen to attribute two alternative meanings to the second (and third) paragraph in the will. To uphold the appellants' argument we should have to construe the second paragraph as if it read in substance as follows: "If my son Joel V. McComb should pre-decease me bearing no children of his own, the said inherited property must come back to his sister Pearle Moore Roy; but if both my children survive me they will hold the property as joint

tenants, with a right of survivorship, *regardless of whether they die with or without issue."* The italicized clause, although not even remotely resembling any language actually appearing in the will, is nevertheless essential to the appellants' present argument; for if there was any possibility of a vested or contingent remainder in Joel's surviving children, if any, we could not properly have held in the earlier case that the brother and sister were in a position to convey a merchantable title to Ollar in 1948. Without further discussing this contention of the appellants we think it sufficient to say that we do not see how the suggested interpretation can possibly be drawn from the language of this will.

Finally, the appellants offered parol evidence to show that when Mrs. McComb executed her will in 1922 she was suffering from an incurable disease which caused her death within three weeks and that therefore she must have known that both of her children would survive her. This proof is neither competent nor relevant. Extrinsic evidence is not admissible to show what the testatrix meant, as distinguished from what the words of the will express; such evidence is admitted only for the purpose of showing the meaning of the words selected by the testatrix. *Piles* v. *Cline*, 197 Ark. 857, 125 S. W. 2d 129. The appellants' evidence has no tendency to assist the court in determining the particular sense in which Mrs. McComb employed the simple words in her will.

Affirmed.