Brenda Kay JAMES, et. al *v.* Melba Joe TAYLOR

CA 97–1404                                     969 S.W.2d 672

Court of Appeals of Arkansas
Division III
Opinion delivered May 20, 1998

*Irwin Law Firm,* by: *Robert E. Irwin,* for appellants.

*Lightle, Beebe, Raney, Bell & Simpson,* by: *A. Watson Bell,* for appellee.

JOHN MAUZY PITTMAN, Judge. The issue in this case is whether a deed from the late Eura Mae Redmon to her three children, W.C. Sewell, Billy Sewell, and appellee Melba Taylor, was a conveyance to them as tenants in common or as joint tenants with the right of survivorship. The chancellor held that Mrs. Redmon intended for her children to take the property as joint tenants with the right of survivorship. We reverse and remand.

The deed in question was executed by Mrs. Redmon on January 14, 1993. The conveyance was made to the three grantees

"jointly and severally, and unto their heirs, assigns and successors forever," with the grantor retaining a life estate. W.C. Sewell and Billy Sewell died on November 18, 1993, and May 11, 1995, respectively. Mrs. Redmon died on February 17, 1997. Shortly thereafter, appellee filed a complaint in White County Chancery Court seeking a declaration that her mother had intended to convey the property to the grantees as joint tenants, thereby making appellee, by virtue of her brothers' deaths, sole owner of the property. Appellants, who are descendants of W.C. and Billy Sewell, opposed the complaint on the ground that the deed created a tenancy in common among the grantees.

The case went to trial, and the chancellor, upon hearing extrinsic evidence of Mrs. Redmon's intent, found that she meant to convey the property to her children as joint tenants with the right of survivorship. He thereby quieted title to the property in appellee. It is from that order that this appeal has been brought.

Appellants and appellee agree that the term "jointly and severally" as used to describe an estate in property is ambiguous. However, they disagree over the rule of construction to be applied in the face of such ambiguity. Appellants contend that, under Arkansas law, a deed to two or more persons presumptively creates a tenancy in common unless the deed expressly creates a joint tenancy. They cite Ark. Code Ann. § 18-12-603 (1987), which reads as follows: "Every interest in real estate granted or devised to two (2) or more persons, other than executors and trustees as such, shall be in tenancy in common unless expressly declared in the grant or devise to be a joint tenancy." According to appellants, the very existence of an ambiguity within the deed means that, under the statute, a tenancy in common has been created. Appellee, on the other hand, points to the well-established rule that, when faced with an ambiguity in a deed, the trial court may determine the intent of the grantor by looking to extraneous circumstances to decide what was really intended by the language in the deed. *See Wynn v. Sklar & Phillips Oil Co.*, 254 Ark. 332, 493 S.W.2d 439 (1973); *Barnett v. Morris*, 207 Ark. 761, 182 S.W.2d 765 (1944). Because, appellee argues, the chancellor in this case had strong evidence before him that Mrs. Redmon intended to create a joint tenancy in her children, his finding should not be

overturned unless clearly erroneous. *See generally Bright v. Gass*, 38 Ark. App. 71, 831 S.W.2d 149 (1992); *Lee v. Lee*, 35 Ark. App. 192, 816 S.W.2d 625 (1991).

The extrinsic evidence considered by the chancellor in this case weighs in favor of appellee. That evidence consisted of appellee's testimony that her mother had informed her attorney that she wanted the deed drafted so that, if one of her children died, the property would belong to the other two children, and so on; that shortly after the death of W.C. Sewell, Mrs. Redmon executed a new will leaving her property to Billy Sewell and appellee and leaving nothing to W.C.'s children; that Mrs. Redmon had set up bank accounts payable upon her death to her children, and, after W.C. and Billy died, deleted their names leaving the name of the surviving child; and that Mrs. Redmon was upset before her death upon learning that there was a problem with the deed. However, we hold that the considerations expressed in Ark. Code Ann. § 18-12-603 override the rule of construction urged by appellee.

Section 18-12-603 is a statute like one of many throughout the country. At common law, joint tenancy was favored and, where possible, that estate was held to exist. *Ferrell v. Holland*, 205 Ark. 523, 169 S.W.2d 643 (1943). However, in Arkansas, and in many other states, statutes have been adopted which presumptively construe an instrument to create a tenancy in common rather than a joint tenancy. *Id.*; 20 AM. JUR.2d *Cotenancy* § 17 at 118 (rev. ed. 1995). These statutes do not prohibit joint tenancies but merely provide for a construction against a joint tenancy if the intention to create it is not clear. *Mitchell v. Mitchell*, 263 Ark. 365, 565 S.W.2d 29 (1978); *Metropolitan Life Ins. Co. v. Gardner*, 245 Ark. 742, 434 S.W.2d 266 (1968). A statute such as section 18-12-603 is not an expression of a public policy against joint tenancies but is merely a choice by the legislature of a rule of construction that selects one of two possible interpretations of a provision otherwise ambiguous. *See Renz v. Renz*, 256 N.W.2d 883 (N.D. 1977).

Ordinarily, a statute such as section 18-12-603 does not require the actual use of the words "joint tenancy." *See* 20 AM. JUR. 2d *Cotenancy* § 17 at 119 (rev. ed. 1995). For example,

*Wood v. Wood*, 264 Ark. 304, 571 S.W.2d 84 (1978), involved a conveyance to "Boyd E. Wood and Murtha A. Wood, husband and wife, as tenants by entirety." In fact, the grantees were not legally married, and no entireties estate was created. However, our supreme court held that the conveyance satisfied the requirements of the statute necessary to create a joint tenancy because it was clear that the grantor intended to convey a survivorship estate. Survivorship is the distinctive characteristic of a joint tenancy. 48A C.J.S. *Joint Tenancy* § 3 at 302 (1981). Where, from the four corners of an instrument, a court can interpret the intention of the grantor or testator as creating a survivorship estate, the court will deem the estate to be a joint tenancy with the right of survivorship. *Wood v. Wood, supra. See also Brissett v. Sykes*, 313 Ark. 515, 855 S.W.2d 330 (1993).

■ Nothing appears from the four corners of the deed in this case to indicate Mrs. Redmon's intent to convey a survivorship interest, unless that intention is to be found in the term "jointly and severally." Appellants do not cite, nor have we discovered through our own research, any Arkansas case in which a grant of ownership was made to two or more parties "jointly and severally." As the chancellor noted below, "jointly and severally" are words of tort, not property. They have no meaning in the world of estates. In the context of an ownership interest, such a term is a legal anomaly; several ownership is, by definition, a denial of joint ownership. *See Park Enters., Inc. v. Trach*, 233 Minn. 467, 47 N.W.2d 194 (1951). However, two cases from other jurisdictions are persuasive. In *In re: Kwatkowski's Estate*, 94 Colo. 222, 29 P.2d 639 (1934), the court interpreted a will that had devised property to two devisees "jointly and severally." The court held that, in light of a statute similar to ours, no joint tenancy was created. In so holding, the court said the following:

> It thus appears that for over seventy years the policy of this jurisdiction, as declared by the Legislature, has been to prefer tenancies in common at the expense of joint tenancies. Our problem is therefore not the usual one of merely applying a liberal interpretation and construction to a will. We are called ·upon to enforce a statute. We are not at liberty to nullify it. To do so would be to encroach upon a co-ordinate branch of the state government . . . . The duty to enforce the law as we find it

cannot be side-stepped by simply saying that notwithstanding the absence of the above mentioned declaration, the testator intended to establish a joint tenancy, either because there is parol evidence of the alleged intention, or because we might indulge a conjecture that such was his intention on account of the expression "jointly and severally" found in the will.

*Id.* at 224–25; 29 P.2d at 640. *See Konecny v. Gunten,* 151 Colo. 376, 379 P.2d 158 (1963) (where an instrument is silent or ambiguous as to the nature of the joint estate created, it will be construed as creating a tenancy in common).

■ In *Montgomery v. Clarkson,* 585 S.W.2d 483 (Mo. 1979), property was deeded to two grantees "jointly." The Missouri court, relying on a statute virtually identical to ours, held that a joint tenancy was not created by the use of such language. In doing so, the court quoted the following language from *Lemmons v. Reynolds,* 170 Mo. 227, 71 S.W. 135, 136 (1902) (overruled on other grounds in *Holloway v. Burke,* 336 Mo. 380, 79 S.W.2d 104 (1935)), a case involving a devise in a will:

> "It is essentially true that the intention of the testator shall be sought and effectuated in construing and enforcing wills, but this rock-ribbed rule of construction, so strictly and faithfully followed in this state, is subject to this very vital qualification, to wit, that it must not conflict with any inflexible rule or requirement of law. Such is the case here. The statute . . . has declared the effect of a conveyance or devise of real estate in the event that the grant or devise does not expressly declare that a joint tenancy is intended. No such intention is expressly declared in this will . . . . It is therefore not within the power or province of the courts, under any rule of interpretation, or to carry out any unexpressed intention of the grantor or testator, to construe such a grant or devise to be a joint tenancy, for the statute says it is a tenancy in common."

585 S.W.2d at 484. The holding in *Montgomery* is in accord with the rule that a conveyance to grantees "jointly" does not create a joint tenancy. *See* Annot., *What Constitutes a Devise or Bequest in Joint Tenancy Notwithstanding Statute Raising a Presumption Against Joint Tenancy,* 46 A.L.R.2d 523, § 2 (1956). *See also* 2 *American Law of Property* § 6.3 at 13 (1952) (the better rule is that the word "jointly" is equivocal).

█ If use of the word "jointly" is not sufficient to create a joint tenancy, the term "jointly and severally," with its elusive connotation, cannot do so either. Further, Arkansas recognizes that the practice of divining the intent of a grantor or testator is subject to the qualification that such practice must not conflict with settled principles of law and rules of property. *Gibson v. Pickett*, 256 Ark. 1035, 512 S.W.2d 532 (1974); *Missouri Pacific Rd. Co. v. Strohacker*, 202 Ark. 645, 152 S.W.2d 557 (1941). *See Smith v. Wright*, 300 Ark. 416, 779 S.W.2d 177 (1989) (a rule of property law should be applied whenever the language of the conveyance fits under the rule, without regard to the conveyor's intention).

█ Appellee argues that, given the deed's ambiguity, our focus should be on the intent of the grantor as gleaned not only from the instrument itself but from the extrinsic evidence presented at trial. However, evidence of the grantor's intention cannot prevail over the statute. To allow that would be to render section 18-12-603 meaningless.

█ Based upon the foregoing, we hold that the deed in this case did not create a joint tenancy in the grantees. The language of the deed is insufficient to overcome the statutory presumption of a tenancy in common. We therefore reverse and remand with directions for entry of an order consistent with this opinion.

In light of our holding, we need not address appellants' second argument, that the trial court erred in admitting evidence of changes Mrs. Redmon made in her will.

Reversed and remanded.

ROBBINS, C.J., and JENNINGS, J., agree.