Billie TRIPP *v.* C.L. MILLER, Administrator of the Estate of Cathy Ann Miller, *Deceased*, and C.L. Miller, *Individually*

CA 01-365                                               105 S.W.3d 804

Court of Appeals of Arkansas
Division II
Opinion delivered May 21, 2003

238

*Tom Allen*, for appellant.

*Leroy Blankenship*, for appellee.

WENDELL L. GRIFFEN, Judge. This appeal is from the trial court's refusing to impose a constructive trust on certain real property in favor of appellant Billie Tripp and the trial court's reforming a deed to another piece of real property owned by appellant and another person. We affirm in part and reverse and remand in part.

Appellant and Cathy Miller acquired real property in Independence County, Arkansas, from Charles and Trula Wilson in 1994. Cathy Miller was the daughter of appellee C.L. Miller. The real estate contract did not specify the nature of the tenancy created. The deed conveyed the property to appellant and Cathy Miller as joint tenants with the right of survivorship. The transaction was an escrow agreement whereby the Wilsons deposited a warranty deed with the escrow agent (Citizens Bank) until the purchase price of $23,887.50 was paid.

Appellee and Cathy Miller owned approximately 220 acres of real property located in Stone County, Arkansas, as joint tenants with right of survivorship. Appellee conveyed his interest in the Stone County property to Cathy Miller on July 27, 1995. On August 18, 1995, appellant and Cathy Miller executed a promissory note in favor of Citizens Bank in order to obtain funds with which to build a home on the Independence County property. As security for the note, Cathy Miller mortgaged the Stone County property to Citizens Bank.

Cathy Miller committed suicide on July 5, 1997, and appellee was named administrator of his daughter's estate. On January 20, 1998, Citizens Bank filed a complaint to foreclose the mortgage on the Stone County property. Appellant answered the foreclosure complaint, agreeing that the property should be sold and the indebtedness paid. Appellee filed an answer and cross-complaint, alleging that the deed to the Independence County property should be reformed to provide that Cathy Miller's estate owned an undivided one-half interest. The cross-complaint also

alleged that appellee's home was located on the Stone County property, that he conveyed the Stone County property to his daughter as an estate-planning device, that the mortgage was executed without appellee's knowledge or consent, and that appellant would be unjustly enriched by having the Stone County property foreclosed in order to pay the debt for construction of a residence on the Independence County property. Appellant answered the cross-complaint, alleging that she and Cathy Miller owned the property as joint tenants with right of survivorship and that Cathy Miller promised to convey the Stone County property to appellant as joint tenants with right of survivorship, and denying that appellee was entitled to any relief. Appellant filed a counterclaim against appellee alleging that appellant and Cathy Miller had an agreement to own all of their property jointly and seeking a constructive trust on the Stone County property and on personal property owned by Cathy Miller.

A foreclosure decree was entered. The property was sold to appellee for $41,000. The issues raised by the cross-complaint and counterclaim between appellant and appellee proceeded separately from the foreclosure issues.

Appellant testified that she and Cathy Miller acquired the Independence County property and built a house. She stated that Cathy Miller told the person drafting the contract that title was to be a joint tenancy with right of survivorship. She also said that the first time she saw the deed was when it was delivered to her by the escrow agent. She stated that, although she was the beneficiary of three life insurance policies on Cathy Miller's life, one of the policies would not pay because the death was ruled a suicide and the other two policies paid a total of $43,000. She testified that she used the insurance proceeds to pay a debt to Citizens Bank but not the mortgage on the Stone County property.

Appellant testified that she was asking the court to impose a constructive trust on the Stone County property. She stated that it was unfair for appellee to own the property because that was not what Cathy Miller wanted or what appellee had agreed to. Appellant admitted that there was no contract between appellee and herself or between Cathy Miller and herself. She also admitted that neither appellee nor Cathy Miller made a gift of the property to her. She stated that appellee benefitted from his conveying the

property to Cathy Miller by having the mortgage, taxes, and insurance paid by appellant and Cathy Miller and by having a place to live at no expense to him. Appellant testified that Cathy Miller had told her on two occasions that she (appellant) was her (Cathy Miller's) only heir. She testified that the Stone County property was to be Cathy Miller's and her retirement but that appellee could live on the property until his death. She also testified that the Stone County property was not placed jointly in her name because of problems with her former husband. Appellant testified that, at the funeral home, appellee told her that she was Cathy Miller's only heir and not to worry.

Appellee testified that he voluntarily conveyed the Stone County property to Cathy Miller but that he did not know she had mortgaged it until after her death. He admitted that there were no restrictions on Cathy Miller's ownership. He stated that he knew Cathy Miller and appellant were building the house in Independence County when he conveyed the property to his daughter. He stated that he conveyed the property because his health was bad and he did not want Cathy Miller to have legal problems after his death. He testified that he purchased the property at the foreclosure sale. He also testified that it was possible that he had told appellant that she was Cathy Miller's only heir. He also admitted that Cathy Miller paid off the mortgage, insurance, and taxes on the property. Appellee stated that he did not believe that he should have any interest in the Independence County property but that he should be compensated for the money he expended.

Judy Swaim, a friend of appellant and a co-worker with Cathy Miller, testified that Cathy Miller told her that she (Miller) was going to use the Stone County property to finance construction of the home in Independence County. She also stated that Cathy Miller told her that the place was to be her retirement with appellant. Swaim also confirmed appellant's testimony concerning Cathy Miller's fear of appellant's former husband obtaining an interest in the Stone County property and of the conversation between appellant and appellee at the funeral home after Cathy Miller's death.

The trial court issued a letter opinion on May 1, 2000, and judgment was entered on October 10, 2000. Some of the findings

contained in the letter opinion do not correspond to findings in the judgment, but there is no explanation in the record for the discrepancies. The trial court reformed the deed to the Independence County property to reflect that appellant and Cathy Miller owned the property as tenants in common and not as joint tenants with right of survivorship, as provided in the deed. The judgment found that the contract for purchase joined appellant's and Cathy Miller's name with "and," indicating a tenancy in common. The trial court noted that there is a statutory presumption that a tenancy in common is created unless the contrary is shown. The trial court also relied on the fact that appellant did not know that title to the property was as joint tenants with right of survivorship. The trial court's letter opinion does not discuss the reformation issue. In its letter opinion, the trial court found that appellant should not have to pay appellee for the foreclosure judgment paid by appellee.

However, in the October 10, 2000, judgment, the trial court found that appellant was unjustly enriched by appellee's having paid the foreclosure judgment and appellee was entitled to equitable subrogation. The trial court also found that appellee made a gift of his interest in the Stone County property to Cathy Miller. Further, the trial court found that, although there was life insurance on Cathy Miller's life with appellant as beneficiary, none of those proceeds were used to pay off the mortgage, which was the joint debt of appellant and Cathy Miller. The trial court also found that appellee's purchase of the property at the foreclosure sale in order to save his home resulted in the unjust enrichment of appellant. The court awarded appellee judgment against appellant in the sum of $40,465. The court's letter opinion originally found that appellee voluntarily paid the mortgage and therefore appellant should not have to pay appellee. The trial court also found that appellant did not meet her burden of proving a constructive trust. This appeal followed.

Appellant raises three points on appeal: (1) that the trial court erred in reforming the deed; (2) that the trial court erred in not imposing a constructive trust in favor of appellant; and (3) that the trial court erred in granting appellee a money judgment against appellant.

Equity cases are reviewed *de novo* on appeal. *McKay Props., Inc. v. Alexander & Assocs.*, 63 Ark. App. 24, 971 S.W.2d

284 (1998). This court does not reverse a trial court's findings of fact unless they are clearly erroneous. *Id.* Although the imposition of a constructive trust requires clear and convincing evidence of the necessary facts, the test on review is not whether we are convinced that there is clear and convincing evidence to support the trial court's findings but whether we can say that the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Betts v. Betts,* 326 Ark. 544, 932 S.W.2d 336 (1996).

For her first point, appellant argues that the trial court erred in reforming the deed to the Independence County property. Appellant and Cathy Miller received a deed to the property in Independence County as "joint tenants with the right of survivorship." The trial court reformed the deed to hold that appellant and Cathy Miller held the property as tenants in common and that the estate of Cathy Miller held an undivided one-half interest in the property. The trial court reasoned that, because the contract for sale provided that appellant's and Cathy Miller's names were joined by "and," it indicated that a tenancy in common was created. The trial court also noted that there is a statutory presumption in favor of a tenancy in common.

■ ■ We hold that the trial court erred in relying on the contract for sale when the deed unambiguously created a joint tenancy with right of survivorship. The general rule is that, in the absence of fraud or mistake, the contract for sale is merged into the deed executed under the contract. *Duncan v. McAdams,* 222 Ark. 143, 257 S.W. 2d 568 (1953). The trial court should not have considered the presumption found in Ark. Code Ann. § 18-12-603 (1987) because that presumption arises only where a deed is ambiguous as to the estate created and the trial court did not find that the deed was ambiguous.

■ ■ Section 18-12-603 is a statute like many throughout the country. At common law, joint tenancy was favored and, where possible, that estate was held to exist. *Ferrell v. Holland,* 205 Ark. 523, 169 S.W.2d 643 (1943). However, in Arkansas, and in many other states, statutes have been adopted that presumptively construe an instrument to create a tenancy in common rather than a joint tenancy. *Id.* These statutes do not prohibit joint tenancies, but merely provide for a construction against a joint tenancy if the

intention to create it is not clear. *Mitchell v. Mitchell*, 263 Ark. 365, 565 S.W.2d 29 (1978); *Metropolitan Life Ins. Co. v. Gardner*, 245 Ark. 742, 434 S.W.2d 266 (1968). A statute such as section 18-12-603 is not an expression of a public policy against joint tenancies but is merely a choice by the legislature of a rule of construction that selects one of two possible interpretations of a provision otherwise ambiguous. *James v. Taylor*, 62 Ark. App. 130, 969 S.W.2d 672 (1998). In the present case, the deed at issue is clear and unambiguous in creating a joint tenancy with right of survivorship. *See Brissett v. Sykes*, 313 Ark. 515, 855 S.W.2d 330 (1995) (holding that whether a survivorship interest was created is to be determined from the four corners of the deed); *James v. Taylor, supra*. Therefore, reliance upon section 18-12-603 is unnecessary. We reverse on this point.

For her second point, appellant argues that the trial court erred in failing to impose a constructive trust in her favor on the Stone County property. A constructive trust is an implied trust that arises by operation of law when equity demands. *Malone v. Hines*, 36 Ark. App. 254, 822 S.W.2d 394 (1992). It is imposed where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. *Edwards v. Edwards*, 311 Ark. 339, 843 S.W.2d 846 (1992). The duty to convey the property may arise because it was conveyed through fraud, duress, undue influence or mistake, breach of fiduciary duty, or wrongful disposition of another's property. *Id.* The basis of a constructive trust is the unjust enrichment that would result if the person having the property were permitted to retain it. *Id.* To impose a constructive trust, there must be full, clear, and convincing evidence leaving no doubt with respect to the necessary facts. *Nichols v. Wray*, 325 Ark. 326, 925 S.W.2d 785 (1996). The burden is especially great when title to real estate is sought to be overturned by parol evidence. *Id.*

The argued basis for imposition of a constructive trust in this case is an alleged agreement between appellant and Cathy Miller that they would hold the property acquired during their relationship as joint tenants with right of survivorship. Appellant also alleged that appellee told her after Cathy Miller's death that she was Cathy Miller's only heir and implied that he would convey the property to her. We do not consider this sufficient for

imposition of a constructive trust. Appellee had no obligation, legal, moral, or otherwise, to convey the property to appellant. Further, appellant testified that Cathy Miller had not made a gift of the property to her and that she did not have a contract with Cathy Miller.

We also do not believe that appellant established the existence of a confidential relationship between herself *and appellee*, which is one of the elements of a constructive trust. *See Lucas v. Grant*, 61 Ark. App. 29, 962 S.W.2d 388 (1998). The fact that appellant and Cathy Miller had a confidential relationship is irrelevant to the constructive-trust issue. We affirm on this issue.

In her third issue, appellant argues that the trial court erred in awarding appellee a money judgment against her. In its letter opinion, the trial court originally found that appellant should not have to pay appellee because he would have received any money from the sale of the property in excess of the amount of the mortgage debt. In the judgment, the trial court found that appellant was unjustly enriched by appellee's having paid the mortgage, a joint debt of appellant and Cathy Miller. Appellee took the property by intestate succession as an heir at law of Cathy Miller, subject to the mortgage debt. *See Yeates v. Yeates*, 179 Ark. 543, 16 S.W.2d 996 (1929). If appellee wanted to retain the property, he would have to satisfy the mortgage. A real estate mortgage is extinguished after both the foreclosure of the mortgage and the sale of the mortgaged property. *See* Ark. Code Ann. §§ 18-49-103(c) (Supp. 2001), 18-49-105 (1987); *Pulaski Fed. Sav. & Loan Ass'n v. Woolsey*, 242 Ark. 612, 414 S.W.2d 633, 635 (1967). *See also In re Gordon*, 161 B.R. 459 (Bankr. E.D. Ark. 1993). Because of the foreclosure and sale of the property, the contractual relationship between appellant and Citizens Bank terminated and the debt was extinguished. There was nothing for which appellant could be unjustly enriched. We reverse on this point.

Affirmed in part, reversed and remanded in part.

VAUGHT and CRABTREE, JJ., agree.